TEXAS PACIFIC RAILWAY COMPANY v. IRENE MARTIN ET AL.

Decided January 23, 1901.

1.—Action for Death—Recovery by Married Daughter.

A married daughter, being within the class named by the statute, is entitled to recover damages for the death of her father, although he was not then bound to contribute to her support.

2.—Same—Amount of Damages—Gratuitous Contributions by Father.

Although the sums given by the deceased to his daughter were gratuitous contributions, in irregular amounts and at irregular intervals, it was for the jury to decide from the evidence what amount she might reasonably have expected to receive from him.

3.—Same—Evidence—Place of Death.

Evidence that deceased was killed "in Sherman" is sufficient to establish that the death occurred within the corporate limits of that city.

4.—Same—Negligence and Contributory Negligence.

See the opinion for evidence held sufficient to show that deceased who, while

walking along a railroad side track, was run over by a train, was not guilty of contributory negligence, and also to show that the operatives of the train were guilty of negligence in failing to stop it.

Appeal from Wood.  Tried below before Hon. J. G. Russell.

*Cate, Geddie & Bruce,* for appellant.

*F. J. McCord* and *M. D. Carlock,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellee, a daughter of Z. Parker, deceased, joined by her husband, W. J. Martin, instituted this suit against appellant to recover damages for the death of her father.  The trial resulted in a verdict and judgment in favor of appellees for $1000.

The first and second assignments of error contest the right of a married daughter to recover for the death of her father, because there was no obligation on his part to contribute to her support.  The contention is devoid of merit.  The statute does not provide that damages can be recovered for a death caused by negligence only in those cases where the deceased was bound to contribulte to the support of the plaintiff, but it names the persons who can recover damages, which are to be proportioned to the injury resulting from such death.  Rev. Stats., arts. 3021-3027.

When one of the persons named in the statute institutes suit, the only test as to amount of the damages is the amount of injury resulting from such death.  The Texas reports contain many cases in which verdicts have been sanctioned where no obligation on the part of the deceased to contribute to the support of the plaintiff existed, and the difference in the measure of damages that prevails when no obligation exists to contribute to the support of plaintiff and when it does so exist has been laid down many times.  Railroad v. Kindred, 57 Texas, 491; Railway v. Harrington, 62 Texas, 597; Railway v. Lee, 70 Texas, 496; Railway v. Hughes (Texas Civ. App.), 54 S. W. Rep., 264; Railway v. Power, 54 S. W. Rep., 629.

The special charges instructing a verdict for appellant on the ground that the evidence did not show that plaintiff had sustained actual damages of a fixed character was properly refused by the court.  The contention of appellant is that because the sums contributed by deceased to the support of his daughter were given gratuitously, at irregular intervals and in irregular sums, appellee could not recover.  There is no such rule of law, and to have given the charge would have been a gross invasion of the exclusive rights of the jury to pass upon the facts. It was for the jury to decide from the evidence what sums appellant might reasonably have expected to receive from her father, and in arriving at a conclusion on this subject they could take into consideration the sums that had been contributed before his death, whether they had been given in stated amounts at stated times or not.  Railway v. White, 56 S. W. Rep., 204; Railway v. Power, 54 S. W. Rep., 629.

An ordinance of the city of Sherman prohibiting the running of locomotives or cars at a greater rate of speed than six miles an hour within the city limits was introduced in evidence without objection, and in a special charge appellant requested that the jury be instructed not to consider the ordinance, and it is contended that the refusal of the court to give the charge was error, because there was no evidence that the accident occurred within the corporate limits of the city of Sherman. The uncontroverted evidence shows beyond a reasonable doubt that the accident did occur within the limits of the city of Sherman. Mrs. Martin swore: "He was killed by the Texas & Pacific Railroad in Sherman, Grayson, County, Texas." Herschel Reeder said: "I knew a man by the name of Parker, and suppose it was Z. Parker, who was killed in Sherman on or about the 19th day of January, 1899." Jim Harrison swore: "I witnessed the accident in which Z. Parker was killed, at Sherman, Texas, a little over a year ago."

A number of other witnesses swore to the same fact. The question as to the rate of speed at which the cars were moving when Parker was killed is not raised by the assignment of error.

The issue as to whether deceased was guilty of contributory negligence was submitted in the charge of the court, and no complaint is urged against the charge of the court on that phase of the case, nor on any other, and we think that the jury had testimony upon which to base a finding that deceased was not guilty of contributory negligence. At the time of the accident deceased was walking along the track of appellant, on a route pursued by the public in going in the direction that he was going. He was hard of hearing. He was on a siding about thirty-five feet from the main line when struck by a car that was backed on the siding by a locomotive, and as deceased sprang off the track he was struck by a piece of iron and knocked down and was run over and mangled by the car. Some of the witnesses swore that they called to deceased to get off the track as the car came down the siding, and the brakeman yelled to the deceased to get off, but although he was seen by the brakeman in time to have stopped the car, no effort was made to stop until the car was upon deceased, when it was immediately stopped on a signal given by the brakeman to the engineer. The cars were being moved about on the main track just before the accident, and it is inferable that the deceased turned off on the side track to avoid them. There was no evidence that a whistle was blown or bell rung at or before the time deceased was struck. We conclude from the testimony that appellant's employes saw deceased on the side track, and could have stopped the car and avoided injuring him, but without warning ran over and negligently killed him. Railway v. Phillips, 37 S. W. Rep., 620; Railway v. Harvin, 54 S. W. Rep., 629; Railway v. Brown, 14 Texas Civ. App., 697. We do not consider the verdict excessive.

The judgment is affirmed.

*Affirmed.*