W. T. PINKARD, ADMINISTRATOR, v. P. J. WILLIS ET AL.

Decided February 22, 1902.

1.—Conversion—Attachment—Return of Goods.

Where an administrator sued to recover the value of certain goods of the estate which defendants had levied on as the property of another, an answer showing that the goods had been returned uninjured to the duly qualified temporary administrator of the estate upon his demand and bond therefor, and that they were sold under order of the court, and the estate got the benefit of the proceeds, presents a sufficient defense.

2.—Appeal—Findings Below—Statement of Facts.

In the absence of a statement of facts, an assignment that the court erred in a certain holding can not be sustained where such holding is sustained by the facts as found by the court.

Appeal from Cherokee. Tried below before Hon. Tom C. Davis.

*Weeks & Fleager,* for appellant.

*Thomas B. Greenwood* and *Willson & Watkins,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by W. T. Pinkard as permanent administrator of the estate of E. W. Pinkard, deceased, against P. J. Willis & Bro. and John B. Reagan, sheriff of Cherokee County, for damages for the conversion by defendants of a stock of goods belonging to the said estate which were levied on by said sheriff as the property of W. T. Pinkard.

A trial resulted in favor of plaintiff for nominal damages only, on the theory that as the estate got the benefit of the goods with their value undiminished no damage was shown. From this judgment the administrator has appealed.

There is no statement of facts in the record but the trial judge filed conclusions of fact and law which are as follows:

"1. I find that E. W. Pinkard lived in the town of Jacksonville, Texas, in the year 1898, and that he died on the 26th day of September,

1898, and that at the time of his death he owned a stock of goods, wares, and merchandise of the value of $903.34.

"2. That on the 27th day of September, 1898, John B. Reagan, as sheriff of Cherokee County, by virtue of an execution to him directed, issued out of the District Court of Galveston County, Texas, September 26, 1898, on a judgment in favor of P. J. Willis & Bro., a firm composed of P. J. Willis, R. S. Willis, and J. G. Goldthwaite, against Pinkard & Suggs, a firm composed of W. T. Pinkard and L. G. Suggs, for the sum of $3061.09, with 8 per cent interest from July 19, 1889, and $29.45 cost of suit, less a credit October 1, 1889, for the sum of $285.75, seized and took into his possession the stock of goods described in the plaintiff's petition and herein sued for as the property of W. T. Pinkard, one of the defendants in execution.

"3. That at the time of the levy of the execution as above found, the said stock of goods so levied upon by the said John B. Reagan as sheriff as the property of W. T. Pinkard, as aforesaid, was not the property of W. T. Pinkard, but was the property of E. W. Pinkard, deceased, and belonged to his estate, and at the time of said levy was in the possession of J. L. Davis and F. J. Pinkard, who were the employes of E. W. Pinkard, and at that time had charge of said stock of goods for said estate, and that the value of said goods at the time of the levy was $903.34.

"4. That on the 28th day of September, 1898, W. T. Pinkard was by the probate court of Cherokee County, Texas, after application made by him, appointed temporary administrator of E. W. Pinkard, deceased, with authority only to take charge of and care for and preserve said stock of goods until Wednesday of the first week of the October term of the County Court of Cherokee County, Texas, and that on the said 28th day of September, 1898, W. T. Pinkard qualified as such temporary administrator by filing his oath and bond.

"5. That on September 30, 1898, W. T. Pinkard, as temporary administrator, presented to John B. Reagan, sheriff as aforesaid, his claimant's oath and bond for the trial of the rights to the property to said goods levied upon as aforesaid, and the said Reagan thereupon, by reason of said claimant's oath and bond, delivered said property theretofore levied upon to the said W. T. Pinkard as temporary administrator of said estate, and returned said claimant's oath and bond together with a copy of the writ of execution to the District Court of Cherokee County, Texas.

"6. On the first trial of the case of the trial of the rights of property between the plaintiffs, P. J. Willis & Bro., and W. T. Pinkard, temporary administrator of E. W. Pinkard, this court gave judgment against P. J. Willis & Bro. in favor of W. T. Pinkard, temporary administrator of the estate of E. W. Pinkard; on appeal the Court of Civil Appeals held that the temporary administrator had no power or authority under the law to file a claimant's oath and bond, and was not a party to said action, and on a second trial of the case in this court judgment was

rendered against W. T. Pinkard in his individual capacity, and his sureties on his claim bond, in favor of P. J. Willis & Bro., for the sum of $796.05, being the value as then determined of the stock of goods with 10 per cent damages and 6 per cent interest from October 1, 1898, and on account of W. T. Pinkard having been discharged in bankruptcy, a perpetual stay of execution as against said W. T. Pinkard was awarded by said judgment.

"7.   That at the time said stock of goods was restored to W. T. Pinkard, as temporary administrator, the same was worth the sum of $903.34, the said goods not having, from the time they were seized under said execution to the time they were so restored, deteriorated in value.

"8.   There was no action taken by the probate court at the October term continuing the temporary administration or appointing a permanent one, but afterwards on November 22d, in vacation, the order of the probate court recites that a report was made by W. T. Pinkard and an inventory of the goods attached to the report, and on the 25th an order was entered in vacation ordering the temporary administrator to sell the goods.

"Conclusions of Law.—1.   That the levying of the execution on the property of E. W. Pinkard was wrongful.

"2.   That the estate of E. W. Pinkard was entitled as damages to whatever amount they had to pay to recover the goods, or the value of the goods, in case they failed to recover them.

"3.   I find, as a mixed question of fact and of law, that John B. Reagan, one of the defendants, and as sheriff of Cherokee County, took possession of the goods which was the property of E. W. Pinkard's estate on the 27th day of September, 1898, by virtue of an execution in favor of P. J. Willis & Bro., a firm composed of P. J. Willis, R. S. Willis, and J. G. Goldthwaite, against Pinkard & Suggs, and that he held the property until the 30th of September, 1898, in all three days, when he delivered the same to W. T. Pinkard as the temporary administrator of E. W. Pinkard, and that the plaintiff is entitled to any deterioration in the value of the goods while so held, and whatsoever cost might have been reasonably expended in getting them.

"4.   The pleading and evidence in the case failing to show any expenses incurred in getting possession of the goods by the administrator, and the evidence failing to show any diminution in the value of the goods at the time they were reacquired, it is the judgment of the court that the plaintiff is only entitled to nominal damages, which is assessed as the sum of $5 against all the defendants."

From this it appears that by procurement of P. J. Willis & Bro. the sheriff wrongfully levied upon the goods of the estate. These goods were returned to the estate uninjured within three days, and were afterwards inventoried and sold as a part of the estate. The first error assigned is that the court erred in overruling the appellant's special exception to the part of the answer of defendants which set up the fact that the estate

had received the goods uninjured and that they had been appropriated to the benefit of the estate.

The answer of appellees P. J. Willis & Bro. consisted of general denial, a special denial of the allegation that the goods were ever the property of E. W. Pinkard, deceased. Further, that should it be found that the goods were in fact the property of the estate, then they allege that the estate has suffered no damage, because the goods were returned to W. T. Pinkard, temporary administrator of the estate, were inventoried and sold as a part of the estate, and the estate got the benefit of the proceeds. The sheriff answered to the same effect and each averred that the estate had suffered no damage.

Appellant contends that the part of the answer complained of amounts to a plea of res adjudicata which ought not to be heard in this case. The judgments in Willis & Bro. v. Pinkard, 52 Southwestern Reporter, 626, and Pinkard v. Willis, 57 Southwestern Reporter, 891, are not available as a defense to this suit. In the case first cited Pinkard, asuming to act as temporary administrator of the estate of E. W. Pinkard, deceased, undertook to recover these goods which had been taken under the levy complained of in this case. He filed claimant's oath and bond under which the sheriff surrendered the goods. Judgment was rendered in favor of the estate in the court below. This judgment was reversed on appeal because W. T. Pinkard had no authority as temporary administrator to sue for the goods. This holding practically settled the case, and judgment was finally rendered against W. T. Pinkard and the sureties on his claim bond. In that contest it was plain that because of want of authority in W. T. Pinkard to maintain the suit a judgment in his favor or against him would not be a bar to a suit brought by a duly authorized representative of the estate for damages for the taking of the goods. It was then and is now equally plain that the mere act of turning the goods over to W. T. Pinkard either as an individual or assuming without authority to act for the estate would not bar the claim upon which this suit is founded.

But the answer against which the exception is urged contains more. It contains allegations that the estate received the goods uninjured, and that they were sold under orders of the court and the estate got the benefit of the proceeds. W. T. Pinkard recovered possession of the goods as an individual in the absence of authority to act for the estate. As against both him and the appellees the estate had the right to them and to take them into possession. That a recovery for actual damages must be limited to the damage suffered is axiomatic. The allegation is that the estate, having received and appropriated the goods without deterioration or cost, is not damaged. If this allegation is true it is a defense. W. T. Pinkard as an individual is not a party to this suit nor are his individual interests involved. We can not go outside the record to protect him. The court did not err in overruling the exception.

The second assignment is that the court erred in holding that the goods wrongfully levied on were afterwards returned to the estate. In

the absence of a statement of facts we can not tell whether this be true or not. It is undoubtedly true that the sheriff promptly returned the goods to W. T. Pinkard in exchange for the claimant's bond. But as said before, that is not enough to bar this action. Pinkard may have chosen to keep the goods and return them to the officer in satisfaction of the bond when the suit went against him. He may have chosen to convert them into money and may have used the money in satisfaction of the judgment on the claimant's bond. In either case they would have been lost to the estate, and had this been shown a judgment in favor of the estate in this case would have been inevitable. But the court has found that the estate actually got the goods which were disposed of under orders of the probate court, and that they were recovered to the estate without cost. In the absence of a statement of facts the finding must be taken as true, and if it is true the estate has suffered only nominal damages for which it has recovered judgment. The estate can not have the goods and judgment for their value, too.

If W. T. Pinkard has actually refused to account to the estate for the goods taken by him under the claimant's bond it should have been made to appear. If the estate is in fact uninjured the judgment is right. This suit can not be maintained in behalf of the estate merely to recoup the individual loss of W. T. Pinkard. Whatever may be his rights they can not be asserted in this suit.

The findings of the trial judge support the judgment, and no error being made to appear the judgment is affirmed.

*Affirmed.*

Writ of error refused.