### W. F. Dooley v. Missouri, Kansas & Texas Railway Company of Texas.

Decided April 18, 1908.

**Railroads—Injury While Unloading Car.**

By placing a freight car upon a side-track for the purpose of being unloaded, a railroad company impliedly invites the consignee and his employes to enter and unload the same, and the duty rests upon the company to exercise care not to injure those so employed. No duty rests upon the consignee to give notice to the company that he is about to unload the car, and in case of injury to a consignee or his employe while so engaged, caused by moving the car, the burden is upon the company to show facts which would relieve it from the duty of knowing or anticipating the presence of such person in the car at the time.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Collins & Cummings* and *Chas L. Black,* for appellant.—The Court erred in its general charge to the jury, in that it placed the burden of proof upon the appellant to show that the appellee knew or by the exercise of ordinary care could have known of appellant's presence in the car at the time of the alleged injury and the appellant's recovery is conditioned upon his proving such facts. 23 Am. & Eng. Ency. of Law, page 739 and 746; 2 Thompson on Negligence, sec. 1841; Watson v. Wabash Ry. Co., 66 Iowa, 164, s. c. 23 N. W., 380; St. Louis S. W. Ry. Co. v. Bryson, 91 S. W., 829; Jacobson v. St. Paul & D. Ry. Co., 42 N. W., 932; Chicago & N. W. Ry. Co. v. Goebel, 10 N. E., 369; Texas & Pac. Ry. Co. v. Pennell, 2 Texas Civ. App., 127; International & G. N. Ry. Co. v. Neira, 28 S. W., 95.

*Coke, Miller & Coke* and *Ramsey & Odell,* for appellee.—Even though the appellant was properly in appellee's car for the purpose of unloading same, he could not recover for injuries received by him by alleged negligent movement of same unless the employes in charge of appellee's train knew or by the exercise of ordinary care could have known of appellant's presence in said car. Cincinnati, N. O. & T. P. Ry. Co. v. Vaught, 78 S. W., 859; St. Louis S. W. Ry. Co. v. Kinnemore, 81 S. W., 802; Louisville & N. Ry. Co. v. Smith, 84 S. W., 755.

RAINEY, Chief Justice.—This is a damage suit brought by appellant against appellee to recover for personal injuries alleged to have inflicted on him by the negligence of the appellee while appellant was engaged in unloading a car of fruit on appellee's track, by violently

propelling other cars against the one he was in, which caused him to fall and crates of peaches to fall on him.

It was alleged that plaintiff was at work unloading a car of fruit that had been placed on a side track used for the purpose of unloading, and while he was in the car engaged in unloading the same appellee's servants negligently .propelled an engine and cars attached thereto against said fruit car with such violence that the collision threw him down and caused crates or boxes of peaches that were stacked up therein to fall on and injure him.

The court in one paragraph of its charge instructed the jury "That unless you believe from a preponderance of the evidence the defendant, its agents, servants or employes knew that the plaintiff was.in said car, or, by the exercise of ordinary care, could have known that he was in said car, you will find a verdict in favor of the defendant, even though you may believe that the engine and cars were negligently handled by defendant's servants and employes, and that in handling the same they were guilty of negligence."

This charge, we think, does not present the law in such cases. The plaintiff was not a trespasser, but was lawfully in the car on the track and it was the duty of the appellee to so operate its cars as not to injure the appellant, at least it was its duty not to be guilty of negligence. Missouri, K. & T. Ry. Co. v. Thomas, 107 S. W., 868.

Mr. Thompson, in his excellent work on Negligence, vol. 2, sec. 1841, states the rule thus. "Where the shippers or consignees of car loads of freight assume the task of loading or unloading the cars on the side track of the company, with its consent, express or implied, the company is not at liberty to act toward them or their servants as though they were trespassers or bare licensees, but is bound to exercise ordinary care to the end of avoiding injury to them while so engaged. If, therefore, while so engaged, and without negligence on their own part, other than that inattention to their own safety which an absorption in their duties in which they are engaged naturally produces, they are hurt by the negligence of the employes of the railway company they have an action for damages."

In such a case as this the railway company should have anticipated the presence of some one at the car and should have operated the cars with that in view to avoid injury, and negligence in handling cars, if any, will not relieve it from liability if it occasions the injury. The railway company owed plaintiff the duty of care not to injure him, and this did not depend upon .whether or not it knew of his presence in the car. Watson v. Railway Company, 66 Iowa, 164. Therefore, the charge relieving the railway company from the consequences of its negligence, if any, if they did not know or could not have known by reasonable care, was at least misleading, because plaintiff's presence should have been anticipated and the employes have acted accordingly.

Under the facts we think the court erred in leaving it to the jury to determine whether or not plaintiff was guilty of contributory negligence in not advising appellee of his presence at the car, at the time of the injury. The railway company had placed the car on the side track to be unloaded and thereby impliedly invited the plaintiff to unload, and his presence there for that purpose was lawful and should have been

expected by the employes, and he, to avoid negligence, was under no obligation to warn the company of his presence at the car at that time.

If the employes negligently propelled cars against the fruit car and injured the plaintiff, it devolved upon the company to show facts that would relieve it from the duty of knowing, or anticipating, the presence of plaintiff in the car at that time.

For the reasons stated, the judgment is reversed and cause remanded.

*Reversed and remanded.*