HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. GUS GERALD.

Decided March 30, 1910.

**1.—Demurrer—Rulings.**

Special exceptions to the petition not shown by the record to have been presented to or passed on by the court must be treated as waived.

**2.—Injury to Person—Pleading—Evidence.**

Plaintiff having alleged injury to the kidneys, and defendant's cross-examination of him disclosing that he was afflicted with Bright's disease, which had not been specifically alleged as a result, plaintiff, without objection, introduced evidence that such condition was caused by his injury which testimony defendant thereafter moved to exclude as not warranted by the pleading. Held, that no abuse of the discretion of the court appeared in the refusal of such motion, if the evidence was unwarranted by the pleading. But it seems that the evidence was admissible under the allegations, no special exception thereto being urged and injury to the kidneys being alleged.

**3.—Negligence—Moving Car While Unloading—Charge.**

On the issue of negligence in propelling a car against another on the siding, whereby a drayman inside, engaged in unloading it, was injured, the employees of the railway were not excused by the fact that they were ignorant of his presence in the car, or that looking along the track they saw no person or team there, if in the exercise of ordinary care they should have known the fact. Charges on this subject, given and refused, held not erroneous as invading the province of the jury or ignoring contributory negligence.

**4.—Contributory Negligence—Unloading Freight.**

One employed in unloading for the consignee a carload of freight placed on the siding at its destination in the customary place for such unloading, may assume that the railway will not move other cars against it while he is so engaged, without timely warning, and it is proper to so charge.

**5.—Damages—Nursing by Wife.**

As a part of the damages for personal injury plaintiff may recover the value of the services of his wife in nursing him, though done in pursuance of her duties as wife and without pay.

**6.—Damages—Medical Expenses—Limitation.**

Plaintiff may recover as damages reasonable expenses incurred for medical treatment of his injuries, though he has not yet paid such debt and the physician would be barred by limitation from recovering it by suit.

**7.—Contributory Negligence—Cause or Condition.**

Plaintiff's failure to wear a truss as a protection of a previously existing rupture could not be considered as negligence contributing to a rupture caused by injury to his person through defendant's negligence. He could not be required to wear the truss as a protection against and in anticipation of negligent injury by defendant.

Appeal from the District Court of Falls County. Tried below before Hon. Richard I. Munroe.

*Baker, Botts, Parker & Garwood* and *O. L. Stribling,* for appellant.—It was the duty of appellee to set forth specifically in his pleadings what injuries he sustained. City of Dallas v. McCullough, 95 S. W., 1121; Missouri, K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 171; Missouri Pac. Ry. Co. v. Mitchell, 72 Texas, 173; Suderman v. Woodruff, 47 Texas Civ. App., 229; Dallas Con. Elec. St. Ry. Co. v. McAllister, 41 Texas Civ. App., 131; Dallas Con. Elec. St. Ry. Co. v. Ison, 37 Texas Civ. App., 219.

The refusal of the special requested instruction is reversible error. St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480; Lyon v. Bedgood, 54 Texas Civ. App., 19; Gulf, C. & S. F. Ry. Co. v. Walters, 107 S. W., 369; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635.

"If the plaintiff was not aware of the approach of said train he would be justified in assuming that the defendant company would not expose him to danger by backing its engine and train of cars against the car in which he was working, without timely warning," is on the weight of the evidence. Biering v. First Natl. Bank of Galveston, 69 Texas, 602; Costley v. Galveston City Ry. Co., 70 Texas, 114; Gulf, C. & S. F. Ry. Co. v. Grubbs, 7 Texas Civ. App., 53; Watkins v. Cates, 24 Texas Civ. App., 384; Thompson v. Wilson, 24 Texas Civ. App., 666; Gulf, C. & S. F. Ry. Co. v. Bryant, 66 S. W., 808.

In an action for damages on account of personal injuries suffered by the husband by reason of the negligence of another, he is not entitled to recover the value of the gratuitous service of his wife rendered by her in nursing him on account of his injuries, and evidence as to the value of such service is inadmissible, and should not be considered by the jury in determining the amount of the recovery. San Antonio St. Ry. Co. v. Muth, 7 Texas Civ. App., 443; Gibney v. St. Louis Trans. Co., 103 S. W., 48; Jones & Adams Co. v. George, 227 Ill., 64; Morris v. Grand Ave. Ry. Co., 46 S. W., 171; Goodhart v. Pennsylvania Ry. Co., 35 Atl., 191, 55 Am. St. Rep., 705; Voorhies, Damages for Personal Injuries, sec. 18; 13 Cyc., 63-65, and notes.

The claim of Dr. Allen against appellee for services rendered him on account of the alleged injuries was, at the time of the trial, barred by the statute of limitation of two years, and constituted no legal liability against the appellee. Bering Mfg. Co. v. Peterson, 28 Texas Civ. App., 194; Judd v. Ballard, 30 Atl., 96.

The failure of the appellee to wear a truss on the day of the accident for the purpose of keeping back and supporting the rupture from which he had suffered for many years was the proximate cause of the injuries complained of. Missouri, K. & T. Ry. Co. v. Smith, 49 Texas Civ. App., 610; Missouri, K. & T. Ry. Co. v. Hay, 39 Texas Civ. App., 51; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 93.

*Spivey, Bartlett & Carter,* for appellee.—The allegations in plaintiff's petition with reference to the nature and character of the injuries complained of were sufficiently comprehensive to admit proof of any disease or affection of the kidneys, including Bright's disease,

especially in the absence of a special exception. Missouri, K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 171; St. Louis, S. W. Ry. Co. v. Brown, 30 Texas Civ. App., 57; Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Texas, 73; Missouri Pac. Ry. Co. v. Mitchell, 72 Texas, 173; International & G. N. R. Co. v. Bibolet, 24 Texas Civ. App., 4; Ft. Worth & D. C. Ry. Co. v. Morrison, 58 Texas Civ. App., 74.

The testimony of the physicians with reference to Bright's disease having been first brought out on cross-examination by defendant, and again, no reason being shown for not making objection to the testimony of said witnesses with reference to said disease at the time the same was admitted, it was within the discretion of the court to refuse the motion to exclude as coming too late. Missouri Pac. Ry. Co. v. Lamothe, 76 Texas, 223; Hatzfeld v. Walsh, 55 Texas Civ. App., 573.

The court did not err in refusing the special instruction complained of by appellant under its fourth assignment of error, because the same was argumentative and not a correct presentation of the law applicable to the pleadings and evidence. Dooley v. Missouri, K. & T. Ry. Co., 50 Texas Civ. App., 298; Texas & N. O. Ry. Co. v. McDonald, 99 Texas, 207; Missouri, K. & T. Ry. Co. v. Thomas, 48 Texas Civ. App., 646; Galveston, H. & H. Ry. Co. v. Levy, 35 Texas Civ. App., 107; Dillingham v. Teeling, 24 S. W., 1094; 2 Thompson on Negligence, sec. 1841; 3 Elliott on Railroads, sec. 1249; Watson v. Wabash, St. L. & P. Ry. Co., 23 N. W., 380; Galveston, H. & S. A. Ry. Co. v. Roberts, 91 S. W., 375; Blackwell v. Speer, 98 S. W., 903.

The charges announce a correct proposition of law, and in view of the pleadings and the evidence were necessary and proper qualifications of the principles applicable to the defensive issues, including that of contributory negligence set up by appellant and submitted and reiterated in the charge of the court to the jury. Ratto v. Bluestein, 84 Texas, 59; International & G. N. R. Co. v. Leak, 64 Texas, 657; Maes v. Texas & N. O. Ry. Co., 23 S. W., 726; Brady v. Georgia Home Ins. Co., 24 Texas Civ. App., 464; Wolf Cigar Stores Co. v. Kramer, 50 Texas Civ. App., 410; Martin v. St. Louis S. W. Ry. Co., 56 S. W., 1012; Sonka v. Sonka, 75 S. W., 325; Beaumont, S. L. & W. Ry. Co. v. Olmstead, 56 Texas Civ. App., 96; Traylor v. Townsend, 61 Texas, 147.

The reasonable value of extra services rendered by the wife in nursing her husband, made necessary by an injury sustained by negligence of another, is a proper element of damages in a suit by the husband for such injury. Missouri, K. & T. Ry. Co. v. Holman, 15 Texas Civ. App., 16; Ft. Worth & D. C. Ry. Co. v. Walker, 48 Texas Civ. App., 86.

It appearing from the undisputed testimony that the failure of plaintiff to wear a truss upon the occasion in question was not the proximate cause of his injuries, it was not error for the court to refuse the special instruction complained of under appellant's fifteenth assignment of error, nor was it error to give the special charge upon

the same subject complained of by appellant. St. Louis S. W. Ry. Co. v. Ford, 56 Texas Civ. App., 521, and authorities there cited.

JENKINS, Associate Justice.—The appellee at the time of his injury, and for some years prior thereto, had been engaged in the float business in the city of Marlin, and had frequently removed goods from appellant's cars for the purpose of delivering them to their owners. He was acquainted with the general custom and regulations of appellant in regard to the removal from its cars of such goods as were received by it for delivery in the city of Marlin. Appellant's main track ran through the city and on each side was a side track, on to which cars to be loaded or unloaded were switched and left standing for that purpose. On the day of the injury a carload of furniture had been placed upon one of these side tracks for the purpose of being unloaded—being in the place where cars were usually placed for such purpose. The appellee went to the appellant's station agent, paid the freight on the furniture, as he was authorized to do by the owners of same, and drove his float up by the side of the car and went inside with two of his hands for the purpose of unloading the furniture. While he was so engaged, appellant's servants ran an engine in on said side track and pushed another car on said track against the car in which appellee was. At this time appellee was lifting down a package of mirrors. The jarring of the car caused him to fall, the package of mirrors falling on him and rendering him unconscious for some time.

In his petition appellee charges negligence on the part of appellant, and alleges that without any negligence or fault on his part, he has suffered serious and permanent injuries, producing incarcerated hernia, which necessitated a painful and dangerous operation, serious and permanent injuries to his kidneys, concussion of the spine, injuries to his nervous system and his heart, and that his said injuries were serious and permanent. That as a result of said injuries he was confined to his bed for several months, and suffered and still suffers and will continue to suffer great physical and mental pain during the remainder of his life. That he is 47 years of age, and that his earning capacity has been greatly reduced. He further alleges that he has been obliged to pay and become liable to pay for medical attention the sum of $550, and was compelled to be nursed by his wife at the reasonable cost of $200.

The jury awarded appellee damages in the sum of $2150. Appellant asks that this case be reversed upon its assignments of errors hereinafter discussed.

1. Appellant assigns as error the overruling of its special exception to appellee's petition in that it did not describe the injuries received with sufficient particularity. As the record fails to show that any of appellant's exceptions were called to the attention of the court, or were ruled upon by the court, they must be treated as waived. To the same effect is the twelfth assignment of error.

2. In its second and third assignments of error appellant complains of the action of the court in overruling its motion to exclude the testimony of physicians who testified that appellee was suffering

from Bright's disease as a result of the injuries received by him, the ground of said objection being that appellee had not alleged that he was suffering from Bright's disease as a result of such injuries; and that the evidence did not show that such disease did, in fact, result from such injuries. This evidence as to appellee's having Bright's disease was first brought out by appellant, and no objection was made to such part of it as was brought out by appellee on reexamination. Under such circumstances, we would not hold that it was not an abuse of the discretion of the court to refuse to withdraw the same from the jury. (Missouri Pac. Ry. Co. v. Lamothe, 76 Texas, 223, 13 S. W., 195; Ft. Worth & R. G. Ry. Co. v. Andrews, 29 S. W., 920; Hatzfeld v. Walsh, 55 Texas Civ. App., 573, 120 S. W., 526.) But, aside from this, we think the evidence was admissible under the pleadings in this case, and that it showed at least a sufficient probability that Bright's disease resulted from the injuries, to render it admissible for the consideration of the jury. As touching this last point Dr. Wardlaw testified "that it was his opinion that appellee's kidneys were unsound in the respect that he has chronic Bright's disease, *as the result of the injuries complained of.*" Dr. Allen testified: "I think the condition of his kidneys *is due to the fall.* He has Bright's disease." The testimony further showed that a man might have his kidneys injured without having Bright's disease, and that Bright's disease might be brought on by causes other than a traumatic injury to the kidneys. As to the state of the pleading, appellee alleged that as a result of the injuries received by him his kidneys were badly and seriously affected, and that such injury was serious and permanent. Ft. Worth & D. C. Ry. Co. v. Morrison, 58 Texas Civ. App., 74, 123 S. W., 621; Missouri, K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 171, 45 S. W., 408; Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Texas, 78. There are two lines of decisions, dependent upon the state of the pleadings, as to what specific injuries can be proven. One is where the nature of the injuries to certain portions or organs of the body are alleged in general terms, such as they were crushed, strained, bruised, etc., and a special exception is urged that defendant is not put upon notice by such allegations to the particular character, nature or extent of the alleged injuries. In such cases, proof should not be admitted, over objection of the defendant, as to such specific injuries as must have been known to plaintiff, or which he could easily have ascertained and specifically alleged. International & G. N. Ry. Co. v. Hays, 44 Texas Civ. App., 463, 98 S. W., 910; San Antonio & A. P. Ry. Co. v. Adams, 6 Texas Civ. App., 102, 24 S. W., 840. No exceptions to plaintiff's petition were presented to the court in this case. The other is where plaintiff undertakes to allege, with great particularity, what portions of the body were injured. In such case evidence as to injury to a portion of the body not necessarily included in a description of the injured parts, is not admissible, though no exception be urged to the petition, under the well known rule of construction that the inclusion of one is the exclusion of all others. (Southern Pac. Ry. Co. v. Martin, 98 Texas, 322, 83 S. W., 676; Texas State Fair Ass'n v. Marti, 30

Texas Civ. App., 132, 69 S. W., 433; San Antonio & A. P. Ry. Co. v. Callihan, 86 S. W., 929; Louisville Ry. Co. v. Gough, 118 S. W., 279.) In this case the kidneys were specifically alleged to have been injured, and hence, the evidence was not inadmissible under this rule. (Ft. Worth & D. C. Ry. Co. v. Morrison, 58 Texas Civ. App., 74, 123 S. W., 621; Missouri, K. & T. Ry. Co. v. Edling, supra; Gulf, C. & S. F. Ry. Co. v. McMannewitz, supra; St. Louis S. W. Ry. Co. v. Brown, 30 Texas Civ. App., 57, 69 S. W., 1011.)

3. Appellant assigns error upon the refusal of the court to give special charge set out in its fourth assignment of error. We think this charge is objectionable, in that it in effect charges the jury that if appellant's servants looked along the track before going in on the same, and did not see any person or team, that this would be the exercise of ordinary care. The jury might have so found, but this was not the only deduction that a reasonable mind could draw from such facts; hence, it was not for the court to instruct them, as a matter of law, that such acts would constitute ordinary care. Galveston, H. & S. A. Ry. Co. v. Roberts, 91 S. W., 377; Dooley v. Missouri, K. & T. Ry. Co., 110 S. W., 135. In other portions of the charge, complained of in appellant's seventh assignment of error, the jury are told that it was not sufficient that the appellant's servants did not know that appellee was in the car, but they must have used ordinary diligence to ascertain whether or not anyone was in said car before backing in on same. Appellant complains of this as being on the weight of the evidence. The court does not inform the jury what would be ordinary care, but simply tells them ignorance is no excuse, if it arose from the want of ordinary care. We think that there was no error in this. Nor do we think that this portion of the charge is subject to the criticism made by appellant that the jury might have inferred from the statement that it was the duty of appellant's servants to use ordinary care to protect anyone in said car from injury, that the appellee was relieved from using any care on his part. This contention can not be sustained, in view of the fact that the court instructed the jury as follows: "If you believe from the evidence that the plaintiff knew, or by the exercise of ordinary diligence might have known, that the defendant's servants in charge of said engine and cars were about to switch cars upon said side track, and that as a result of said switching the car in which he was at work might thereby be jarred and moved, and that he remained in said car under such circumstances, and if you believe that such act on the part of plaintiff was negligence which proximately contributed to his injuries, then and in that event he would not be entitled to recover against the defendant, even though you should further believe that the defendant was guilty of negligence in moving said car in which plaintiff was working."

4. Appellant's fifth assignment of error complains of the following paragraph of the charge of the court: "If the plaintiff was not aware of the approach of said train, he would be justified in assuming that the defendant company would not expose him to danger by backing its engine and train of cars against the car in which

he was working, without timely warning." We think that this is the law under the facts of this case (Missouri P. Ry. Co. v. Columbia, 65 Kan., 390, 69 Pac., 338, 58 L. R. A., 403), and that, in view of other portions of the charge given, it was not error to so inform the jury. It is true, as a general proposition, negligence or absence of negligence is a fact for the jury, and not for the court. It has been said that this is so in all cases in absence of a statutory declaration; to this should be added: or where, from the undisputed facts, but one legal deduction can be drawn. The undisputed facts in this case show that the appellee, in being in said car was neither a trespasser nor a mere licensee. He was there under contractual relations with appellant. The appellant had contracted with the consignee of the furniture, to deliver the same to them at Marlin, and to place the car in a convenient and safe position for them to unload it; and, in accordance with said contract, had placed said car at the place where it was customary for such cars to be unloaded. Appellant thereby said to the owner of said furniture: Enter the car and take it away. Appellee was there as the agent of the owner to comply with such request. Why, under such circumstances, did not appellant owe him the duty, as a matter of law, not to expose him to danger while he was so engaged, by backing a car in on him without giving him timely warning? And if this is the law, why should not the court have so informed the jury? The court, as a basis for this legal conclusion, assumes no fact necessary to such conclusion, except that appellee was rightfully in the car, which is undisputed. Of course, it does not follow that, though appellant may have violated its legal duty in backing the car in on appellee, he would not be deprived of the right to recover for injuries received therefrom on account of his own contributory negligence. This was fully submitted to the jury in another portion of the charge.

The sixth, eighth and ninth assignments of error are of like import as the fifth and seventh, and we do not think are well taken.

5. The tenth assignment brings us to the consideration of another proposition. Appellant complains of the action of the court in allowing the appellee to testify that the services of his wife in nursing him for the three months that he was confined to his bed, were worth from $150 to $200, and in allowing the attending physician to testify to the same effect; the objection being based upon the legal proposition, asserted by appellant, that it being the duty of the wife to render such services to the husband without pay, he can not recover therefor, and upon the further proposition that, inasmuch as appellee did not pay his wife for such services, he can not recover of appellant therefor.

We do not think that either of these contentions are sound. That the circumstances of this case rendered the services of a nurse necessary is not questioned. Appellee, during all of the time that he was being nursed, was entitled to the services of his wife in attending to their household affairs, and had she been prevented from attending to the same by injuries wrongfully inflicted upon her by appellant, appellee would have been entitled to recover therefor. If she

was prevented from attending to such duties by the injuries wrongfully inflicted, not upon her, but upon appellee, why should he not be compensated for her loss of services in attending to household duties in the one case as well as in the other? And if he is entitled to recover in this indirect way, why not directly for the reasonable value of her services as a nurse? Appellant contends that it is against public policy to compensate a wife for the discharge of her wifely duties. If the wife had been indifferent to the suffering of her husband, and refused to nurse him, thereby compelling him to hire a stranger to nurse him, it would not be contended that he could not recover the reasonable wages that he had paid for such services. Is it against public policy to allow the same recovery for the same services rendered by a loving wife? We think not. There are a few decisions that uphold the contention of appellant, but we think the weight of authority, and certainly, to our minds, the better reason, is the other way, and such seems to be the law in Texas, whatever may have been held in other jurisdictions. Missouri, K. & T. Ry. Co. v. Holman, 15 Texas Civ. App., 16, 39 S. W., 131; Crouse v. Chicago & N. W. Ry. Co., 102 Wis., 196; Varnham v. Council Bluffs, 52 Iowa, 699, 3 N. E., 792.

As sustaining its contention that damages are based on compensation alone, and therefore the value of services rendered by a physician or nurse can not be recovered where no charges are made, appellant cites several cases from other jurisdictions. As holding a contrary doctrine, upon the ground that such gratuity is for the benefit of the injured, and can not be claimed by the party causing the injury, see Ft. Worth & D. C. Ry. Co. v. Walker, 48 Texas Civ. App., 86, 106 S. W., 403; Pennsylvania Ry. Co. v. Marion, 104 Ind., 244; Brosnan v. Sweetser, 127 Ind., 7; City of Indianapolis v. Gaston, 58 Ind., 227; Klein v. Thompson, 19 Ohio, 569; Ohio & M. Ry. Co. v. Dickerson, 59 Ind., 317.

6. Appellant's thirteenth and fourteenth assignments of error present objections to the charge of the court in submitting to the jury the medical bill incurred by appellee by reason of his injuries. The pleading and the evidence showed that appellee had incurred such bill, but had not paid the same. Appellant contends that as such services were rendered more than two years before the trial of this suit, appellee was not legally liable to pay the same, and therefore could not recover the same off of appellant as an item of damages. Appellant cites, as sustaining its contention in this regard the cases of Bering Manuf. Co. v. Peterson, 28 Texas Civ. App., 194, 67 S. W., 135, and Judd v. Ballard, 30 Atl. Rep., 96, wherein it is held that a medical bill incurred, but not paid, by a minor can not be allowed in a suit brought by next friend for the benefit of the minor, without showing that the estate of the minor is liable therefor. But this is on the ground that as the father, and not the minor, is liable for such bill, a payment of same to the minor would not bar the father in a suit subsequently brought by him to recover the same. In San Antonio & A. P. Ry. Co. v. Muth, 7 Texas Civ. App., 443, 27 S. W., 754, cited by appellant, no recovery was allowed for a physician's bill because the physician, not having com-

plied with the law regulating the practice of medicine, such services were rendered in violation of law. We know of no law which compels a party injured to plead the statute of limitation against a just debt for the benefit of the party who has injured him. In Klein v. Thompson, supra, where a medical bill had been voluntarily paid by another, to whom plaintiff was under no legal obligation to repay the same, it was held, in a suit for damages for injuries by reason of which said medical bill was incurred, that "plaintiff ought to recover the amount of said bill, so that he could thereby be enabled to repay it to the party who had voluntarily paid it for him, as in good conscience he ought to do." So in this case appellee should be allowed to recover said medical bill, so that he could pay the same to the doctor, "as in good conscience he ought to do."

7. The fifteenth and sixteenth assignments of error relate to the charge given and the charge refused as to appellee's previous rupture, as to whether or not the failure of appellee to wear a truss was negligence on his part, and the proximate cause of the injury received. The evidence shows that appellee had been ruptured some twenty years prior to the injuries for which this suit is brought. That it was not absolutely necessary for him to wear a truss; that sometimes he wore a truss and sometimes he did not, and that he was not wearing a truss at the time of the injury. At the request of appellee the court gave the following special charge: "You are charged that although you may find that plaintiff was not wearing a truss on the occasion of the alleged injury, if any, yet such failure to wear a truss at said time would not be regarded as such act of negligence on his part as would preclude a recovery herein, if he is otherwise entitled to recover under the charge of the court." This assumes that the failure to wear a truss on that occasion, "if appellee was otherwise" entitled to recover was, as a matter of law, not negligence on the part of appellee, or if it was that it was not the proximate cause of the injury. If this be not true, it is a charge on the weight of the evidence on a material matter, and calls for a reversal of this case. We confess to considerable difficulty in arriving at a conclusion as to this matter. In our judgment the saving clause in this charge is the language: "If he is otherwise entitled to recover under the charge of the court." The court's charge distinctly informs the jury that negligent acts of appellant, if any, must have been the "proximate cause" of the injuries received by appellee. Appellant did not allege that the injuries to appellee were augmented and his suffering increased by reason of the failure of appellee to wear a truss, but did allege that appellee's failure to wear a truss was the proximate cause of his injuries. In other words, that he would not have been injured at all had he been wearing a truss, and that his previous ruptured condition made it negligence in him to fail to have on a truss at the time he was injured. The language of appellant's answer as to this matter is that the injuries, if any, were received "by reason of the fact that plaintiff was not at the time of the alleged injuries wearing a truss in order to protect himself against any jars or strains that he might incur *in the performance of his duties as drayman."* (Italics ours.) His

injuries were not caused by any strain in lifting or carrying furniture, nor by anything done by him "in the performance of his duties as drayman." The appellee's petition alleged that the fall received by him, and the furniture falling on him, "produced incarcerated hernia, which necessitated a painful and dangerous surgical operation." If it is true that these things "produced" the incarcerated hernia, and that they were brought about by the negligent acts of appellant, without negligence on the part of appellee, what matters it that he was negligent in failing to guard against an injury which might have happened to him in the performance of his duties as drayman, without any such negligence on the part of appellant, but which did not so happen? "If otherwise entitled to recover under the charge of the court," it could only be because the jury found that the things alleged by appellee produced the injuries complained of, including incarcerated hernia; and that these things were the result of the want of ordinary care on the part of appellant, without carelessness on the part of appellee. If these things be true (and whether they were true or not was left to the jury under proper instructions), we think it follows, under the evidence in this case, as a matter of law, that the appellee being without a truss, was a condition and not the cause of his injury. For example: The catcher in a baseball game usually wears a mask made of heavy steel wire to protect himself against injuries that might occur in the performance of his duties as catcher. It might be even gross negligence for him to leave off such mask while the game is progressing, and if he should do so, he could not recover for injuries received from a ball being thrown by the pitcher in the usual manner. But if, during the progress of the game, one of the players should assault him and "swat" him across the face with a bat, in a suit for damages it would not lie in the mouth of the party committing the assault to say to the assaulted party: "If you had been wearing your mask, you would not have been injured by my assault."

The evidence in this case does not show, or tend to show, that the injury to appellee was any greater than it would have been had he been wearing a truss. But if there had been such evidence, that fact, under the circumstances of this case, would not have shown that the failure to wear a truss was the efficient or proximate cause of his injury. If there intervenes between a remote cause and the injury a distinct, unrelated and efficient cause, or if no injury would have occurred, notwithstanding the condition, but for such independent cause, such remote cause does nothing more than furnish the condition, and can not be held to be either the sole or concurrent proximate cause. If the action of the appellant in backing the cars in on appellee and thereby causing the furniture to fall on him, was such that he ought to have anticipated, then it was his duty to do what he reasonably could to lessen the injury that might be inflicted on him by such acts. But if such acts were wrongful, it was not his duty to anticipate them, any more than it would be the duty of a man to wear steel armor to prevent or lessen the injury that might be inflicted upon him by the bullet of one committing an assault upon him. For a further discussion of this subject of condition and

remote and proximate cause, see Houston & T. C. R. Co. v. Maxwell, 128 S. W., 160, decided at the present term of this court, and also the following authorities: St. Louis, I. M. & S. Ry. Co. v. Maddry, 57 Ark., 313; Bohrer v. Dienharb Harness Co., 49 N. E., 296; McNalley v. Caldwell, 91 Mich., 529, 52 N. W., 70, 30 Am. Rep., 494; Missouri Pac. Ry. Co. v. Columbia, 65 Kan., 390, 69 Pac., 338, 58 L. R. A., 403; 29 Cyc., 496; Am. & Eng. Ency. Law, vol. 21, 491.

The remaining assignments of error assail the judgment on the ground that the same is against the preponderance of the evidence and is excessive. The verdict was for $2150, and does not appear to be excessive. As to the preponderance of the evidence, that was a question for the trial court. There being sufficient evidence to sustain the verdict, and no error being found in the record, this case will be affirmed.

*Affirmed.*

Associate Justice Rice did not sit in this case
Writ of error refused.