WAGGONER et al. v. SIMMONS et al.
No. 13752.

Court of Civil Appeals of Texas. Fort Worth.

April 29, 1938.

Rehearing Denied May 27, 1938.

J. V. Patterson and C. T. Gettys, both of Decatur, and Taylor, Muse & Taylor, of Wichita Falls, for appellants.

Bonner, King, Dawson & Jones, of Wichita Falls, for appellees.

BROWN, Justice.

Dr. T. A. Moore, his son-in-law, B. F. Wilson, and his daughter, Nelma, who was about 17 years of age, were making a trip over what is called the Northwest Highway, going to Dallas to attend the Centennial Exposition. The automobile was owned by Dr. Moore, and was being driven by his son-in-law, Wilson, at the doctor's request.

While on the trip, they passed through a section where grass had been set fire to and had burned from the edge of the adjacent field across the public road right-of-way, thereby causing a smoke screen. While traveling in this smoke cloud, the Moore car ran into another car occupying the same lane in the highway, and the doctor and his said daughter both sustained personal injuries.

Dr. Moore then brought suit in the District Court of Wichita County against J. L. Waggoner and Merle Waggoner, partners in the ranching and cattle raising business, who had leased the lands on which the said fire was started, the cause of action being predicated upon the allegations that one M. L. Holt, who was the foreman in charge of such ranch, while acting in the course of his employment by the Waggoners, was guilty of negligence in setting fire to the grass and permitting same to burn on the said right-of-way. Dr. Moore sued for himself and as next friend of his said daughter, who was at that time about 17 years of age.

Several months after the accident, when the case was called to trial, the daughter, joined by her then husband, D. A. Simmons, intervened and substituted themselves as plaintiffs. The defendants made appropriate answer to the plaintiffs' pleadings, and specially pleaded that the foreman, Holt, was not only not acting within the scope of his authority when he set fire to the grass, but that he was acting con-

trary to the express orders of the defendants, and further answered that Dr. Moore, his daughter and his son-in-law were engaged in a common enterprise and that the son-in-law, who was driving the car, was guilty of negligence in several respects, and that the plaintiffs were barred from recovery because of such negligence.

The case was tried to a jury. The defendants made a motion for a peremptory instruction, which was denied, and the cause being submitted to the jury on special issues, the jury found, in substance, as follows: (1) That Holt was guilty of negligence in setting fire to the grass. (2) That such negligence was a proximate cause of the damages complained about. (3) That Holt used ordinary care to post guards at the west end of the fire to warn approaching vehicles on the highway of the danger. (4) The accident was avoidable. (5) That the defendants instructed Holt not to set fire to the grass. (6) That Wilson failed to keep a proper lookout on the highway. (7) That such failure was a proximate cause of the injuries. (8) That Wilson was guilty of negligence in failing to stop the automobile when he discovered the highway ahead was covered with smoke. (9) That such negligence was a proximate cause of plaintiff's injuries. (10) That Wilson was guilty of negligence in operating the automobile at the speed same was being propelled, after he entered the smoke on the highway. (11) That such negligence was a proximate cause of plaintiff's injuries. (12) That Wilson was guilty of negligence in failing to sound his horn. (13) That such negligence was a proximate cause of plaintiff's injuries. (14) That after entering the smoke, it reasonably appeared to Wilson that he and the other occupants of the car were in a perilous position. (15) That such apparent danger appeared to Wilson to be so imminent that it left no time for deliberation. (16) That Holt did not discover and realize that the plaintiffs were in a position of peril before the collision. (17) That Holt undertook to burn the grass on the right-of-way without authority from the defendants. (18) That Wilson was guilty of negligence in failing to discover that a person could not see all the way through the smoke. That such negligence was a proximate cause of plaintiff's injuries. (19) Damages for Dr. Moore were assessed at $1,000.00. (20) Damages for Mrs. Simmons were assessed at $200.00.

Mrs. Simmons moved for judgment on the theory that the jury had found Holt guilty of negligence in setting fire to the grass, and that such negligence was a proximate cause of her injuries. The defendants moved for judgment and defendants' motion was overruled and that of Mrs. Simmons sustained, so far as Mrs. Simmons' right of recovery is concerned, but defendants' motion for judgment as against Dr. Moore was sustained.

The trial court rendered judgment that Dr. Moore take nothing, but that Mr. and Mrs. Simmons recover judgment against the defendants for $200.00. Hence the appeal.

Holt was the foreman on appellants' said ranch and had been instructed by appellants to plow or have plowed what is commonly known as a fire guard between the pasture lands and the public road right-of-way, to prevent fires from being started on the right-of-way and burning the grass from their pasture lands. Holt asked the defendants for leave to burn the grass and thus make a fire guard, instead of having same plowed, and told the defendants that he had been unable to employ any of the farmers in the neighborhood to plow the fire guard. The defendants refused the request and instructed Holt positively not to set fire to the grass. The jury so found. Appellees pleaded that appellants ordered their foreman to burn the grass in the pasture and along the road, and that in so doing the foreman and those assisting him were acting in the course of their employment by appellants. No such case appears to have been made by the evidence, and no such issues were submitted to the jury. Appellants ordered Holt to make a fire guard by plowing the land and instructed him positively not to attempt to burn the grass.

The record before us does not present one of those cases where the servant, acting in the apparent scope of his employment, uses means in the furtherance of the business of the employer which do not have the approval of the employer, or which means were used contrary to the instructions of the employer.

The jury did not find that Holt, in setting fire to the grass, was acting within the scope of his apparent authority from appellants, or acting within the apparent scope of his authority from the appellants. In fact, the only issue tendered that touch-

555

ed on such matter was Number 21, as follows: "Do you find from a preponderance of the evidence that the witness Holt had apparent authority from the defendants, as viewed from his standpoint, to burn the grass on the right-of-way, at the time and place in question?" Such issue was not answered because the charge specifically instructed the jury not to answer that issue if the jury had answered the preceding issue in the affirmative, that is, whether or not Holt undertook to burn the grass without authority from the defendants. Such issue was answered in the affirmative. Unless appellees made objection to the submission of the charge in the manner shown, appellees must be bound by the charge.

We find no objection to the charge given by the court, and no bill of exceptions covering any tendered charge that was refused. On the verdict of the jury, it was the duty of the trial court to render judgment for the defendants, both as against Dr. Moore and Mrs. Simmons. Judgment was rendered against Dr. Moore's claim, on the theory that the negligence of the driver of his car must be imputed to him. We hold that such negligence must also be imputed to Mrs. Simmons, who, though a minor, was past 17 years of age, and of such maturity that the same rule will apply to her as was applied to her father. This because it appears that Wilson was operating the automobile for her at the time, and all occupants were then engaged in a joint enterprise.

If we take the position that the father had designated Wilson as the driver of his automobile, and that in so doing Wilson was operating the vehicle for the father and the daughter, we do not see how the presence of the father in the car could change the status of the parties. Had the father sent his daughter in the vehicle with Wilson, designating Wilson as the driver, assuredly Wilson's negligence would be imputed to the daughter, and the fact that the father was present could not in reason change the rule.

We are of opinion that the opinion of Mr. Justice Critz, in El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W.2d 187, is authority for our conclusions.

Furthermore, we are confronted with this question: The jury found that Holt was guilty of negligence in setting fire to the grass and that such negligence was a proximate cause of appellee's injuries. But, we inquire, does such finding have support in the light of the facts, and can such finding stand when the facts are analyzed?

In Houston & T. C. Ry. Co. v. Gerald, 60 Tex.Civ.App. 151, 128 S.W. 166, writ denied, the court said (page 171): "If there intervenes between a remote cause and the injury a distinct, unrelated, and efficient cause, *or if no injury would have occurred, notwithstanding the condition; but for such independent cause, such remote cause does nothing more than furnish the condition, and cannot be held to be either the sole or concurrent proximate cause.*" (Italics ours).

And in Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229, writ dismissed, the court held that in the case of a guest bringing suit for personal injuries against a third person, the negligence of the driver of the car in which the guest was riding "was not imputable to plaintiff, unless the driver's negligence was the sole proximate cause of the collision and injuries." (Page 236.)

We have concluded that burning the grass and creating the cloud of smoke merely brought about a condition. It is evident to us that no injury would have occurred to appellee on account of such condition but for the active negligence of Wilson, the driver of the car in which appellee was riding. Wilson could have waited until the smoke cloud lifted, or he could have slowed the vehicle down to such a rate of speed that no accident would have occurred; but, instead of taking such precautions as an ordinarily prudent person would have taken, under the same or similar circumstances, Wilson negligently entered the smoke, instead of stopping the car, and drove the car at a negligent rate of speed while in the smoke, and failed to keep a proper lookout while so doing. These negligent acts brought about the collision and the injuries resulted therefrom. It cannot be said that the said "condition" was the sole proximate cause of the accident, and we hold that, in the light of this record, such "condition" was not a concurrent proximate cause.

For the reasons given, the judgment of the trial court awarding Mrs. Simmons and her husband recovery in the sum of $200.00, with interest, and one-half of the costs of suit, is reversed and judgment here rendered for appellants. In all other respects the judgment of the trial court is affirmed.