Fuld, J. (dissenting).
It is elementary that damages in personal injury actions are awarded in order to compensate the plaintiff, but, under an established exception, the collateral source doctrine—which we recognized in Healy v. Rennert (9 NY 2d 202) — a wrongdoer will not be allowed to deduct benefits which the plaintiff may have received from another source. To put the matter broadly, the defendant should not be given credit for an amount of money, or its equivalent in services, received by the plaintiff from other sources. “ The rationale of the collateral source doctrine in tort actions ”, it has been *377 said, ‘@ is that a tort-feasor should not be allcnved to escape the pecuniary consequences of his Avrongful act merely because his victim has received benefit from a third party ” (Note, 26 Fordham L. Rev. 372, 381).
In the Healy case (9 N Y 2d 202, supra), this court held that, if one is negligently injured by another, the damages recoverable from the latter are diminished neither (1) by the fact that the injured party has been indemnified for his loss by insurance effected by him nor (2) by the fact that his medical expenses were paid by HIP or some other health insurance plan (p. 206). In the case before us, the plaintiff suffered injuries and required medical and nursing care. He had no health insurance, but he received the necessary medical care and services from fellow doctors without being required to pay them in cash. In addition, he received physiotherapy treatments from the nurse employed by him in his office and to whom he, of course, paid a salary.
I fail to see any real difference between the situation in Healy v. Rennert and the case now before us. In neither case was the injured person burdened with any charges for the medical services rendered and, accordingly, when the defendant is required to pay as “ damages ” for those services or their value, such damages are no less “compensatory” in the one case than in the other. Nor do I understand why a distinction should be made depending upon whether the medical services were rendered gratuitously or for a consideration.[1] What difference should it make, either to the plaintiff or to the defendant, whether an injured plaintiff has his medical bills taken care of by an insurer or by a wealthy uncle or by a fellow doctor? Certainly, neither the uncle, who acted out of affection, nor the doctor, impelled by so-called professional courtesy, intended to benefit the tort-feasor.
*378 The crucial question in cases such- as this is whether the tort-feasor should, in fairness and justice, be given credit for the amounts, or their equivalent in services, which the plaintiff has received from some collateral source. The collateral source doctrine is not, and should not be, limited to cases where the plaintiff had previously paid consideration (in the form of insurance premiums, for instance) for the benefits or services which he receives or where there has been a payment of cash or out-of-pocket expenses. The rationale underlying the rule is that a wrongdoer, responsible for injuring the plaintiff, should not receive a windfall. Were it not for the fortuitous circumstance that the plaintiff was a doctor, he would have been billed for the medical services and the defendant would have had to pay for them. The medical services were supplied to help the plaintiff, not to relieve the defendant from any part of his liability or to benefit him. (See, e.g., Hudson v. Lazarus, 217 F. 2d 344, 346; Nashville, Chattanooga & St. L. Ry. Co. v. Miller, 120 Ga. 453, 457; Pennsylvania Co. v. Marion, 104 Ind. 239, 244; Wells v. Minneapolis Baseball & Athletic Assn., 122 Minn. 327, 332-334; see, also, Ann., 128 A. L. R. 686, 687.) It should not matter, in reason, logic or justice, whether the benefit received was in return for a consideration or given gratuitously, or whether it represented money paid out or its equivalent in services.[2]
The rule reflected by the decision in Drinkwater v. Dinsmore (80 N. Y. 390) is court made and, accordingly, since I believe — as did the Law Revision Commission (1957 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., 1957, No. 65G-]; see, also, Note, 26 Fordham L. Rev. 372, 380 et seq.) —that it is not only “ completely opposite to the majority rule ” (Law Rev. Comm. *379 Report, p. 225), but also “ unfair, illogical and unduly complex ” (ibid, p. 227), I cannot vote for its perpetuation. Indeed, as I have already indicated, an even stronger case for its repudiation is made out by our recent decision in Healy v. Rennert (9 N Y 2d 202, supra).
I would reverse the judgment appealed from and direct a new trial.
Judges Dye, Van Voorhis, Burke and Foster concur with Judge Froessel ; Chief Judge Desmond concurs in a separate opinion; Judge Fuld dissents in an opinion.
Judgment affirmed.

. I shall assume that in this case the doctors’ services were given gratuitously, though a strong argument could be made to the contrary, that is, that they were supported by consideration in that the plaintiff came under a duty to reciprocate and render medical services to his colleagues. Be that as it may, though, I see no basis for labeling the physiotherapy treatments given by the plaintiff’s salaried nurse gratuitous. They were given during the nurse’s normal working day for which she received wages from the plaintiff. Had she not been required to give such treatments, she would undoubtedly have been free to perform other work for the plaintiff.

. It is not amiss to note that the courts of a number of other jurisdictions permit the plaintiff to recover from the defendant the reasonable value of nursing care and services furnished him by his wife or other members of his family. (See, e.g., Strand v. Grinnell Auto. Garage Co., 136 Iowa 68, 70; Wells v. Minneapolis Baseball & Athletic Assn., 122 Minn. 327, 332-334, supra; Houston & Tex. Cent. Ry. Co. v. Gerald, 60 Tex. Civ. App. 151, 157-158; see, also, Ann., 128 A. L. R. -686.) If the injured person is a man of means, he can hire nurses and he will be reimbursed for the amounts which he pays them in wages. Why should the rule be different if, unable to afford nurses, he has to rely upon his wife or others close to him for the necessary nursing services ? There is certainly no reason why the defendant should be subject to less damages when sued by a poor man rather than by one who is rich.