## The Tex. & Pac. R'y Co. v. Catherine Harrington.

### (Case No. 1751.)

1. **Negligence — Pleading.**— Where the petition states that a railway company's engine moved rapidly through the company's yard, without any lookout upon it, whereby injury resulted to plaintiff, such an allegation does not necessarily impute negligence to the company.

2. **Same — Degree of care.**— In operating their engines upon their yards, railway companies are not held to the same degree of care, so far as strangers are concerned, as is required at public crossings.  B. & O. R. R. Co. v. Depew, 12 Am. & Eng. R. R. Cases, 64.

3. **Negligence.**— The mere fact that one is injured by a locomotive operated by an engineer, who is shown to have been near-sighted, will not of itself establish negligence on the part of the company in retaining him in its employment.

4. **Fellow-servants.**— Where two servants are employed by the same master, labor under the same control, derive their authority and receive their compensation from a common source, and are engaged in the same business, though in different departments of the common service, they are fellow-servants. Dallas v. G., C. & S. F. R'y, 61 Tex., 196.

5. **Evidence.**— In a suit for compensation by the wife against a railroad company for the loss of her husband, her statements as to her pecuniary condition are inadmissible.

Appeal from Marion. Tried below before the Hon. B. T. Estes.

Appellee, for herself and two children, brought suit in the district court at Jefferson, Texas, for damages for the death of Patrick Harrington, husband and father of the plaintiffs. The petition charged that Pat. Harrington was car-repairer on defendant's road in its yard at Marshall, and was run over and killed by its engine while Harrington was on one of the yard tracks. It stated the manner of the killing and why Harrington was on the track.

The petition charged that Harrington was run over and killed by the fault and negligence of the persons in charge of the engine, and stated that Harrington was without fault. The real fault charged against the defendant was in the employment of one Louis Lottier as engineer, who was alleged to have been an improper person because of his being near-sighted.

The defendant demurred generally and specially to the petition, denied all its allegations, and alleged Lottier to have been a competent, careful person for the position in which he was employed. It stated further the duty of Harrington and Lottier; that they were both employed in the yards of the defendant at Marshall, and engaged in the general duty of looking after and caring for the engines and cars of defendant coming into the yard. That their duties required them to be frequently together, and that they were fellow-

servants of the same master, engaged at the same place and same general employment. That if Lottier was defective in sight and wore glasses, that fact was well known to Harrington, or could have been known by the exercise of common observation, and that the men were employed together in the same yard, in the same service, for over a year before the death of Harrington.

The answer further averred that in the yard at Marshall were numerous switches and tracks, upon which engines and cars were constantly moving; that Harrington knew the use of the switches and tracks; that Harrington was guilty of negligence in walking on the main yard track without looking to see if the track was clear; that the engine was carefully handled, and was going at the usual speed for engines in the yard; that the tender of the engine was in front and the engineer looking out on his side, and that Harrington must have got on the track so near that the bulk of the tender concealed him from sight.

The general demurrer and special exceptions to the petition were overruled, except one special exception to the claim for exemplary damages. There was a trial, with a verdict and judgment for $3,000.

*James Turner*, for appellant, cited: Price *v.* Nav. Co., 46 Tex., 537; R'y Co. *v.* Lempe, 59 Tex., 21; R'y Co. *v.* Bracken, 59 Tex., 71; Williams *v.* R'y Co., 60 Tex., 205; R'y Co. *v.* Smith, 52 Tex., 178; Booyer *v.* R. R. Co., 4 Tex. Law Rev., 292; Pennsylvania R. R. Co. *v.* Roy, 12 Otto (U. S.), 451.

*Todd & Eldridge*, for appellee.

*Chas. A. Culberson*, also for appellee, filed a written argument.

WATTS, J. COM. APP.— As grounds for recovery in this case, appellee alleged two distinct acts of negligence against the company. First, that the engine which ran over and killed Harrington was being moved rapidly through the yard at the time, and there was no lookout upon it. Secondly, that the engineer then in charge of the engine was incompetent, and not a suitable person for that service, because, as alleged, he "was and is much weakened, injured and impaired in his eye-sight and powers of vision, being very nearsighted and unable to see at all without spectacles or glasses." And that this was known to the company, or by the exercise of reasonable care ought to have been so known, long before Harrington was killed.

It is claimed that if either of these imputed acts of negligence, as alleged, are true, the other necessary facts concurring, would render the company liable.

From the fact that an engine may have been moved rapidly through the yard without any lookout being upon it, negligence is not necessarily imputable to the company. Suitable lookouts may have been provided by the company, but from the negligence of the fellow-servants of Harrington, and without fault of the company, they may not have been in the proper place. In such cases, to render the company liable, the negligence must be imputable to it; and not to some co-employee who comes within the rule of fellow-servant. Therefore, it should have been alleged that the failure to have suitable lookouts upon the engine was chargeable to the company.

But the other charge of negligence is sufficient to warrant a recovery against the company, provided the other necessary facts concurred. For if, as charged, the engineer was incompetent and not suitable for the service, on account of impaired vision, and that fact was either known or might have been known to the company by the exercise of reasonable care, the further allegation that the engineer " being very near-sighted and unable to see at all without spectacles or glasses," would not have the effect to contradict the other allegations, and render the whole subject to demurrer. The latter allegation does not, as claimed, imply that Lottier could, with the use of spectacles or glasses, see sufficiently well to discharge the duty of an engineer. The direct charge that he was incompetent and unsuitable for that place, on account of impaired vision, was not qualified and destroyed, as claimed, by the other allegation.

It is the universal rule that corporations, like natural persons, are liable to their employees for injuries resulting from failure to exercise reasonable care in selecting their co-employees, or for retaining such co-employees in the service, when it is known, or by the use of reasonable care might have been known, to the corporation, that they were negligent or inefficient.

If, then, as alleged, Lottier was not suitable for the place on account of impaired vision, and this fact was known or might have been known to the corporation by the exercise of reasonable care, then it would be liable for injuries resulting to its other servants from that cause.

In operating engines, etc., upon the yard, so far as strangers are concerned, the company is not held to the same degree of care as at public crossings. That results from the fact that on the yards

and along the track at points other than public crossings, third persons are not expected to go; hence the servants of the company are not held to anticipate their presence and to provide against inflicting injury upon them. Baltimore & Ohio R. R. Co. v. Depew, 12 Am. & Eng. R. R. Cases, 64.

It is also true that the employee, in accepting the service, is held to assume the risks incident to the employment. But he does not assume, in addition, those which may be superadded by the wrongful or negligent acts of the master. As was said in T. & P. R'y Co. v. Burns, 4 Law Rev., 57: "When the company has exercised reasonable care in making provisions for the safety of its employees, this is all that is required." What would constitute such reasonable care would depend upon the nature of the service and its attendant risks.

When Harrington engaged in the service he accepted and assumed the risks incident to the employment. That is, the risks ordinarily incident to such a service upon the yard. He was required to exercise reasonable care in the discharge of the duty, so as to avoid being injured, upon the one hand, and the company was required, on the other, to exercise reasonable care in providing and maintaining suitable and safe instrumentalities, and to exercise like care in selecting his co-employees or fellow-servants.

In these respects, if the company had exercised reasonable care, it would not be liable for a mistake in judgment. But if the company, after selecting such servants, knew, or ought to have known, that any of them were negligent, incompetent or unsafe, it then became its duty to discharge such servant, and, on failure to do so, the company would ordinarily be liable to its other employees for any injury resulting from the negligence or incompetency of such servant.

Obviously, Harrington's service upon the yard was attended by considerable risk; he must have been familiar with all its operations and cognizant of the dangers ordinarily attending that service. He must have known that the several tracks in the yard were being frequently used in running engines and trains over them, and must have known the danger attending the walking upon such tracks. On the other hand, the company was also aware of the dangers to which he was exposed in the discharge of the duties of the place. Hence Harrington, upon his part, was required to exercise the same degree of care and prudence in protecting himself from danger as a reasonably prudent person would have exercised under like conditions and circumstances; and on the other hand the company was

bound to exercise the same degree of care and prudence in protecting him from injury.

As to whether, in this case, either or both had been duly careful, or remiss in respect to the matter, is a question of fact to be determined from the evidence.

Without intending to indicate any opinion as to the weight of the evidence upon that issue, it should be observed that the mere fact that a person is near-sighted would not necessarily unfit him for the position of locomotive engineer. If by the use of proper glasses he can see sufficiently well to enable him to discharge all the duties devolving upon an engineer in operating an engine, and he in fact used such glasses, the company would not be considered as negligent on that account by retaining him in its service.

It is the settled doctrine in this state that when employees serve the same master, labor under the same control, derive their authority and receive their compensation from the same common source, and are engaged in the same general business, notwithstanding they may operate in different or distinct grades or departments of the common service, they are nevertheless fellow-servants. Dallas v. G., C. & S. F. R'y Co., 61 Tex., 196; H. & T. C. R'y Co. v. Rider, 4 Law Rev., 292.

Under that rule it would seem to admit of no question that Harrington, whose duty required him to oil car wheels, axles, etc., of cars on different tracks in the yard, and Lottier, whose duty required him to move engines through the yard, to and from the round-house, were fellow-servants engaged in the same general business.

Upon the trial, Mrs. Harrington, as a witness in her own behalf, and over the several objections of appellant's counsel, was permitted to testify " that she was very poor, that they had no means of support except the labor of her husband, and that she had no means of supporting or educating her children." In explanation of the ruling the court said, " the evidence was submitted as tending to show the expectation of plaintiff's pecuniary aid from deceased."

It was a legal obligation resting upon Harrington to support his wife, and to support and educate his children. The law imposed the duty, and no other presumption than compliance on his part would be indulged. This is not a suit for contributions which might or might not have continued if the party had lived, but a suit for compensation for the loss of husband and father, whose duty it was to furnish support, etc.

That evidence was not admissible in this case, and was calculated

to prejudice the rights of appellant. I. & G. N. R'y Co. *v.* Kindred, 58 Tex., 498; Pennsylvania R'y Co. *v.* Roy, 12 Otto (U. S.), 451; T. & P. R'y Co. *v.* Burns, *supra.*

As this evidence was improperly admitted over the objections of appellant, properly interposed, and as it cannot be determined that appellant was not injured thereby, the judgment ought to be reversed.

The other questions presented by the assignment of errors need not be discussed.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted December 12, 1884.]