INTERNATIONAL & GREAT NORTHERN RAILROAD
COMPANY v. H. J. BEASLEY.

No. 785.

**1. Pleading—Personal Injury—General Allegation Limited by Specific Averments.**—Where the petition alleged that plaintiff "sustained great and permanent harm, injury, and hurt, breaking his leg and thigh and injuring his spine, besides crushing his arms, head, and body," evidence of injury to plaintiff's foot, though admitted without objection, should, upon request, be excluded by the charge; the rule being, that the general statement as to permanent injury must be construed to refer to injury to those parts specially mentioned.

**2. Charge of Court—Constructive Notice.**—A charge is incomplete which instructs the jury, that if plaintiff "might have known" the fact in question he could not recover, without informing them as to the degree of care required of him in ascertaining such fact.

**3. Master and Servant—Assumed Risk.**—Where the servant habitually performs work of an unsafe character, and knows it, or by the use of ordinary care ought to know it, he assumes the risk.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Robert G. Street*, for appellant.—1. Facts given in evidence as to the nature of the injury, which would not be admissible if objected to, should not be submitted to the jury when the attention of the court is directed to the matter by a special instruction excluding their consideration. McKinney v. Foot, 10 Texas, 234; Markham v. Carothers, 47 Texas, 22.

2. The court having charged the jury, at the request of the plaintiff, that it was the duty of the defendant to furnish a sufficient number of employes to perform the labor safely, should have further instructed them, when so requested by the defendant, that if the plaintiff knew or might have known the fact that the number furnished was insufficient, and nevertheless undertook to perform the service, he assumed the risk incurred thereby or incident thereto.

*Henry F. Fisher*, for appellee.—1. Where the master is personally present controlling the work and immediately directing the servant, and commands that servant to do an act, the servant can not be charged with contributory negligence, or as having assumed a risk under that act, if he acted in obedience to the master's command, unless, perhaps, obedience to the master amounted to absolute rashness.

On the proposition that a charge on "risk assumed" is unnecessary and improper in cases where "negligence of the master" is the only basis of the suit, see Railway v. Silliphant, 70 Texas, 624; 71 Texas, 476; Pierce on Rys., 371; Whart. on Neg., 211; Wood's Mast. and Serv., 2 ed., 714; Dowling v. Allen, 74 Mo., 13; 41 Am. Rep., 298; Thompson v. Hermann, 47 Wis., 602.

2. Appellee's petition alleged, that said piano by reason of lack of support fell over and upon him, causing him to sustain great and permanent harm, injury, and hurt. This was not specially excepted to by appellant, and appellee was therefore entitled to introduce evidence of whatever nature tending to show that he had sustained great and permanent harm, injury, and hurt. Railway v. Preston, 74 Texas, 181; Booth v. Pickett, 53 Texas, 439; Williams v. Bailes, 9 Texas, 61.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee recovered the judgment from which this appeal was taken for damages for personal injury received by him while working for appellant. A piano sitting upon a truck drawn by another servant turned over upon appellee as he walked beside it, supporting it to prevent it from falling. He claimed that appellant was guilty of negligence in failing to furnish another man to aid him by supporting the other side of the truck. The petition alleged, that he "sustained great and permanent harm, injury, and hurt; that by said reason of carelessness and recklessness said piano was caused to and did fall in and upon this plaintiff, crushing him to the floor as aforesaid, inflicting upon him serious and perma-

nent injuries, breaking his leg and thigh and injuring his spine, besides crushing his arms, head, and body;" that he was rendered a cripple for life, etc.

At the trial, there was evidence that plaintiff's foot below the ankle was broken, and that constituted his most serious injury.

Appellant asked a charge, which was refused, to the effect, that "the plaintiff is not entitled to recover damages on account of injuries to his foot that may have been shown by the evidence, and the jury are instructed to disregard evidence of injury to plaintiff's foot." The refusal of this instruction was error. The general statements in the petition, as to the permanent injury inflicted upon plaintiff, must be construed to refer to injuries to those parts especially mentioned. There is no reference to an injury to the foot, nor to any other than those particularly named. Had there been no particular mention of any of the parts which were hurt, to restrict the general allegation of permanent injury, it may be true that the petition, if unexcepted to, would have admitted proof of any bodily hurt plaintiff may have received. But here the petition was not open to exception, as its allegations were sufficiently specific, and pointed attention to injuries to other parts of the body than the foot. That the evidence was admitted without objection does not alter the case. A recovery must be based upon the pleadings, and a claim not set up in the petition, though shown by the evidence, can not support a verdict. The failure of the court to charge that appellee assumed the risks incident to the employment does not furnish ground for a reversal, appellant having requested no special charge upon that subject. The jury were instructed, at appellant's request, that the plaintiff could only recover upon proof that plaintiff's injuries were caused by defendant's negligence. Instructions as full as were asked for were given upon the subject of contributory negligence.

One of the prominent questions in the case was whether or not it had been the custom of defendant to assign one or two men to accompany the truckman in moving pianos, plaintiff testifying that two, and all other witnesses who testified on the point stating that one, in addition to the truckman, was the number usually furnished. A number of witnesses, however, stated that it was unsafe to handle a piano in this way with less than two to support it. The defendant requested the court to charge, that if "the number of persons engaged in handling the piano was insufficient, in the exercise of ordinary care to prevent injury, and if plaintiff knew, or under the circumstances might have known this fact, and nevertheless undertook to perform the service, he assumed the risk."

This charge is incomplete, in that it tells the jury, that if plaintiff "might have known" the fact in question he could not recover, without informing them as to the degree of care required of him. It may be true that he would have ascertained the fact by using more than ordinary care, while he would not have learned it by exercising that

degree of caution. The jury, however, on another trial should be instructed on this point. If defendant habitually performed this work with only one man, and if plaintiff knew this, or by the use of ordinary care ought to have known it, he assumed the risk in engaging in such service.

For the error first pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 21, 1895.