## TEXAS STATE FAIR v. HENRY MARTI.

Decided July 2, 1902.

**1.—State Fair Association—Liability for Personal Injury.**

Where a State fair corporation gave to an exhibitor the exclusive use of a part of its grounds for a part of the receipts, and advertised such exhibit as one of the attractions of the fair, it was liable for personal injuries resulting from the falling of seats erected by the exhibitor.

**2.—Pleading and Evidence—Personal Injury.**

In an action for personal injuries an allegation of injury to the head, back, sides, arms, stomach, ankle, and nervous system does not warrant the admission of evidence that the party was injured internally and her groins and ovaries affected.

**3.—Evidence—Res Gestae—Declarations of Pain.**

In order for declarations concerning the injuries made by the injured party to a physician to be admissible in evidence, they must be involuntary expressions of present pain.

Error from Dallas. Tried below before Hon. T. F. Nash.

*Plowman & Baker,* for plaintiff in error.

*Crawford & Crawford, Ford & Crawford,* and *W. T. Strange,* for defendant in error.

TEMPLETON, ASSOCIATE JUSTICE.—This writ of error was sued out from a judgment recovered by Henry Marti against the Texas State Fair on account of personal injuries sustained by his wife while attending a fireworks exhibition given by Smith & Lucas on the grounds of the plaintiff in error. The injuries were caused by the falling of the stand upon which Mrs. Marti was seated.

The plaintiff in error is a corporation organized for the purpose of conducting the Texas State Fair and Dallas Exposition. It owns extensive grounds in the city of Dallas, where it gives annual fairs which are attended by great numbers of people, who are charged admission fees. Many attractions of various kinds are exhibited, some by the plaintiff in error and some by parties authorized by it to display their devices within the grounds.

Part of the grounds of the plaintiff in error is known as the old baseball park. On May 29, 1900, plaintiff in error entered into a written agreement with Smith & Lucas by which it conceded to them the exclusive use of said park during the continuance of the fair, to be held from September 29 to October 14, 1900, for the purpose of exhibiting a production designated as the "Great Chicago Fire," each night during that time. It was provided that Smith & Lucas should furnish at their own expense all ticket sellers and spielers, etc., and that the Texas State Fair should furnish at its own expense all ticket takers necessary for the proper conduct of the said entertainments; that no admission should

be allowed except by tickets of admission, and that all complimentary tickets issued by each party should be charged up in full to the party issuing same; that the gross receipts from tickets of admission both into the gates as well as to the grandstand or reserved seats should be divided at the close of each night's entertainment between the parties, the plaintiff in error to receive 25 per cent thereof and Smith & Lucas the remainder. At the time of the making of the aforesaid contract there were a considerable number of seats in the said park which had been placed there by the plaintiffs in error, and it was agreed in the contract that Smith & Lucas should have the use of said seats. It was thought that the seating capacity provided was inadequate, and Smith & Lucas erected other seats. It was these last named seats which fell. The plaintiff in error did not supervise the erection of said seats or direct how the work should be done, and none of its officers or agents in any way assisted in the construction of the seats.

The plaintiff in error extensively advertised the show to be given by Smith & Lucas in the newspapers and invited the public to attend the same. It was while the fair was in progress and the fireworks of Smith & Lucas was being exhibited under the aforesaid contract that Mrs. Marti was injured. She had paid for admission to the grounds. A great crowd was in attendance that night, and the evidence indicates that the seats were caused to fall by reason of some negligence in not having the same properly constructed and safeguarded. Shortly before the accident occurred the tax collector of Dallas County approached the officers of the plaintiff in error and sought to ascertain whether Smith & Lucas were liable for an occupation tax. He was informed by the said officers that the exhibition was a part of the fair and came under the tax paid by the plaintiff in error. Soon after the accident the tax collector was notified by the plaintiff in error, through its officers, that the exhibition of Smith & Lucas was entirely independent of the fair, and that the tax paid by it did not cover the said exhibition.

The plaintiff in error contends that if the injuries to Mrs. Marti were caused by the negligence of anyone, the negligence was that of Smith & Lucas, who were independent contractors and not its agents, and for whose acts it was in no way responsible. If this contention is correct the plaintiff in error is not liable herein.

We are of opinion that the position of plaintiff in error is not tenable. It permitted the exhibition to be given on its grounds and invited the public to attend. All the tickets of admission were taken up by its agents and one-fourth of the gross receipts of the show was paid to it. Under these circumstances, it was the duty of the plaintiff in error to exercise ordinary care to prevent injury to those attending the entertainment. This is certainly true regarding the safety of the premises. The rule on this subject is stated in Cooley on Torts, second edition, page 718, in this language: "It has been stated * * * that one is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication

invites others to come upon his premises, whether for business or any other purpose, it is his duty to be reasonably sure he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit. Many cases illustrate this rule. Thus, individuals holding a fair and erecting structures for the purpose are liable for injuries to their patrons caused by the breaking down of these structures through such defects in construction as the exercise of proper care would have avoided." No matter by whom the seats were erected, it was the duty of the plaintiff in error to see that the same were in a reasonably safe condition before inviting the public to occupy them. Railway v. Moore, 37 Law. Rep. Ann., (Va.), 258; Conradt v. Clauve, 93 Ind., 478; Sebeck v. Plattdeutsch Verein, 46 Atl. Rep. (N. J.), 631. Our conclusion is that the trial court did not err in instructing the jury that it was the duty of the Texas State Fair to use ordinary care to see that the seats provided for the use of persons attending the show given by Smith & Lucas were in a reasonably safe condition.

On the trial the plaintiff was permitted to prove that Mrs. Marti was injured internally and that her groins and ovaries were affected. This evidence was objected to on the ground that no such injuries were alleged in the petition. The objections were overruled and exceptions duly reserved. We find that the testimony was improperly admitted. The allegations of the petition concerning the alleged injuries to Mrs. Marti, read thus: "That her head, back, side, arms, and stomach were seriously injured and her nervous system greatly shocked; that one of her ankles was strained and bruised and so injured that it can not recover and will be stiff and useless the balance of her life." The groins and ovaries are not included in any organ or part of the body alleged to have been injured, and the injuries thereto were not the result of the other injuries set out in the petition. It is, of course, well settled that no injuries can be proved except those alleged, and because this rule was not observed on the trial hereof this judgment must be reversed.

The defendant demurred to plaintiff's petition, which demurrers were overruled, and we are asked to revise the ruling of the trial court on that point. While we are not prepared to hold that the petition is subject to the exception, we are inclined to think that the objections to the plea could be wholly obviated and that the better practice is that this should be done. We make this suggestion in view of another trial and to avoid having the record in case of another appeal incumbered with a question which is not entirely free from doubt.

The testimony of Dr. Moseley as to the declarations made to him by Mrs. Marti concerning her injuries should be confined to involuntary expressions of present pain, and no statement made by her to him relating to any other matter should be admitted. Railway v Johnson, 95 Texas, 409.

For the error in admitting evidence concerning internal injuries to Mrs. Marti and injury to her groins and ovaries, the judgment is reversed and the cause remanded.

*Reversed and remanded.*