MISSOURI, K. & T. RY. CO. OF TEXAS v. DOYAL.

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1911. Rehearing Denied Dec. 13, 1911.)

1. DAMAGES (§ 158*)—ISSUES—EVIDENCE.

Where the petition, in an action for personal injuries, though specifying the various injuries, failed to allege mental injuries, evidence that plaintiff's mind had been affected and that insanity might follow was improperly admitted.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–446; Dec. Dig. § 158.*]

2. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.

In an action for personal injuries, where evidence that the injury had impaired, and was still impairing, plaintiff's mind, was improperly admitted, the error was reversible, though there was other evidence tending to support a verdict awarding damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

3. TRIAL (§ 296*)—CURE OF ONE INSTRUCTION BY ANOTHER.

Where the court's main charge was defective in failing to charge the jury that certain facts must be found in order to find for plaintiff, the giving of a special charge, instructing the jury that those facts must be found in order to warrant a recovery, cured the error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713; Dec. Dig. § 296.*]

Appeal from District Court, Hill County; W. C. Wear, Judge.

Action by C. G. Doyal against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Alex S. Coke, A. H. McKnight, and Ramsey & Odell, for appellant. Morrow & Morrow, for appellee.

KEY, C. J. Appellee brought this suit to recover damages for personal injuries alleged to have been received by him while working as a brakeman in the employ of appellant, and alleged to have been caused by being knocked down in a caboose of a freight train by cars violently shoved against the caboose. The defendant's answer embraced a general demurrer, general denial, contributory negligence, and a special plea, which was stricken out by the court, and no error is assigned upon that ruling. There was a jury trial, which resulted in a verdict for the plaintiff for $1,100; the jury specifying that $1,000 was for damages and $100 for doctor's bill. The court rendered judgment for the plaintiff for $1,100, and the defendant has appealed.

[1] The first and second assignments of error complain of the action of the trial court in permitting Dr. A. J. Mennefee to testify, over appellant's objection, that appellee's mental condition at the time of the trial was bad and getting worse, and that he might become insane as a result of his alleged injuries. This testimony was objected to for the reason that there was no allegation in the plaintiff's petition charging that his mental capacity had been or would be impaired as a result of the injuries complained of. The petition contained these averments: "That on account of said blow on the head, brought about by the negligence of the defendant and its agents and servants, plaintiff's hearing has been greatly impaired, and his ear has been greatly and seriously and permanently injured, and his middle ear seriously and permanently injured, and his skull fractured at the base, and his brain injured, and that his said injuries are all permanent, and his suffering therefrom growing more severe all the time, and his condition therefrom growing more severe all the time. That his said hearing is affected by reason of said injury and by reason of said negligence on the part of the defendant, and is permanently affected and impaired, and that his eyesight is affected and impaired, and that he cannot see or hear as well as before receiving said injuries. That he suffers a discharge from his brain and ear and from his nose all the time, and that his condition is caused by reason of said injury, and that his brain is likely to become infected, and that he is in constant danger of such infection and of death as a result thereof. That all of said injuries and conditions were directly and proximately brought about by the acts of negligence of the defendant and its servants, as hereinabove alleged. That, in addition to said injuries, his nervous system was greatly shocked and impaired, and he suffered concussion of the spine and of the brain, and that the membrane of the spinal cord and of the brain were impaired, and involved and injured, and he has become a neurasthenic from said injury. That his said arm and shoulder were also greatly injured, and the muscles and tendons and flesh thereof bruised and injured, and a large tumor or abscess was caused to grow or form on his said arm and shoulder, and was caused by said injury and the negligence of the defendant. That his arm was greatly weakened thereby, and his ability to labor impaired, and said tumor or abscess is becoming larger all the time and more painful. That all of said injuries are serious and permanent. That on account of all of said injuries the plaintiff has suffered, and will continue to suffer, great mental and physical pain and anguish." It also charged that as a result of his injuries the plaintiff's earning capacity would be greatly diminished.

In view of the rule so well established by the decisions of our Supreme Court, we feel compelled to hold that the trial court committed error when it admitted the testimony rereferred to. In Southern Pacific Co. v. Mar-

**Tex.)**          MISSOURI, K. & T. RY. CO. OF TEXAS v. DOYAL          611

tin, 98 Tex. 324, 83 S. W. 675, the Supreme Court, speaking through its present Chief Justice, reversed the case on account of the admission of testimony tending to show certain injuries that were not alleged in the plaintiff's petition, and the court there said: "There is but one question presented by the application; that is, that the district court erred in admitting the testimony of the two physicians to show an injury to plaintiff's hip and the shortening of his limb, because there was no allegation in the petition under which the evidence was admissible. The rule upon this subject is well stated by Judge Stayton in the following language: 'The general allegation of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of. The law implies such damage—that is, damages of that sort—and proof only is necessary to show the extent and amount. But where damages actually sustained do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his declaration the particular damage which he has sustained, for notice thereof to the defendant; otherwise the plaintiff will not be permitted to give evidence of it on the trial. (Citing 3 Suth. on Dam. 426.) The same rule is adopted by Mr. Sedgwick, who refers to the more enlarged and particular statement of the rule made by Mr. Chitty as the correct rule and exposition of the reasons on which it is based. (Citing 2 Sedg. on Dam. 606.) This is a just rule of pleading; for it requires the person seeking relief, by his pleadings, to inform the adverse party of the facts upon which he intends to rely for a recovery, thereby avoiding surprise.' Texas & Pacific Ry. Co. v. Curry, 64 Tex. 87; Campbell, Receiver, v. Cook, 86 Tex. 632 [26 S. W. 486, 40 Am. St. Rep. 878]. More especially applicable to this case is this rule: 'While it may be sufficient to specify the main fact, yet if it is attempted to particularize the injuries arising from the principal one, all that it is designed to prove should be alleged.' Smith v. McConathy, 11 Mo. 524; 16 Enc. Pl. & Prac. 380; Pinney v. Berry, 61 Mo. 365, 366; I. & G. N. R. R. Co. v. Beasley [9 Tex. Civ. App. 569], 29 S. W. 1121. After making the general allegation, 'his body was bruised and lacerated from head to foot by heavy boxes and other articles falling upon him,' the petition entered with remarkable particularity into the statement of the various injuries which the plaintiff claimed to have received in the accident, which were sufficient in number and character to justify, if true, the statement that he was 'bruised and lacerated from head to foot,' and one reading the petition is impressed with the view that the pleader intended to specify in what manner his 'body was bruised and lacerated from head to foot.' Having undertaken to state particularly the

injuries which were received and the consequences which flowed from each injury, it was important to the defendant that the plaintiff should be confined to the allegations in his petition; otherwise the railroad company would be utterly without any guide in the preparation of its defense. We have examined carefully the averments of the petition, and we find no statement to the effect that there was a fracture of the femur or thigh bone, or that there was any shortening of the limb, nor an allegation of any injury from which they would necessarily result."

In the case at bar the plaintiff in his petition undertook to specify the various injuries he had sustained, and those which would probably follow in the future, and nowhere did he allege that his mind had been or probably would be affected. Insanity or other impairment of his mind would not necessarily result from the injuries described in the plaintiff's petition, and therefore the testimony referred to was not admissible.

[2] Counsel for appellee contend that the case should not be reversed on account of that error, because the amount of damages awarded renders it reasonably certain that the jury concluded that Dr. Mennefee was mistaken in so much of his diagnosis as included the fracture of the skull, and that, as his prognosis of ultimate insanity rested upon the theory that there was such fracture, his testimony in that regard had no influence with the jury. The verdict is general in its terms and does not disclose whether or not the jury believed that there was a fracture of the skull; and while there was other testimony, aside from that relating to the fracture, which would sustain the verdict, it does not appear from the record that the jury decided the case upon that theory. Furthermore, and aside from the question of skull fracture, Dr. Mennefee was permitted, over appellant's objection, to testify, in substance, that plaintiff's mental capacity, which formerly was good, was at the time of the trial impaired and getting worse. That testimony was not hypothetical, but was a distinct and positive statement of an existing fact, and we have no means of knowing that it did not influence the jury in determining the amount of the verdict, even if the jury concluded that appellee's skull was not fractured.

[3] The criticisms urged in appellant's brief against the second paragraph of the court's charge as presented under the fifth assignment of error are well taken. That paragraph should have required the jury to find that the matters therein referred to constituted negligence on the part of appellant or its employés in order for appellee to recover, and was erroneous because it failed to do so; but as the court gave a special charge requested by appellant, instructing the jury that in order to find for the plaintiff

they must find, amongst other things, that the matters referred to constituted negligence, and, unless they so found to find for the defendant, it may be, as contended by counsel for appellee, that the error referred to in the court's charge was corrected by the special charge; and we dispose of that phase of the case with the suggestion that, upon another trial, the court's charge be so framed as to eliminate the alleged error.

We rule against appellant on all the other questions presented in its brief; but, on account of the error pointed out in the first and second assignments, the judgment is reversed, and the cause remanded.

Reversed and remanded.