## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. KIMMEY. (No. 137.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 26, 1916. Rehearing Denied Nov. 23, 1916.)

APPEAL AND ERROR ☞1050(2)—DAMAGES ☞ 171—PERSONAL INJURY—EVIDENCE—PLAINTIFF'S EARNING CAPACITY.

In a passenger's action for personal injury, evidence that he had no other means of making a living except by hard manual labor was irrelevant and immaterial, and, where it did not clearly appear that no injury could have resulted from its admission, was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4154; Dec. Dig. ☞1050(2); Damages, Cent. Dig. § 498; Dec. Dig. ☞171.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Action by Price Kimmey against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded for a new trial.

Marsh & McIwaine, of Tyler, and E. B. Perkins and Daniel Upthegrove, both of Dallas, for appellant. I. D. Fairchilds, of Lufkin, and W. J. Townsend, Jr., of Jacksonville, for appellee.

BROOKE, J. This is a suit brought by appellee, Price Kimmey, against appellant, St. Louis Southwestern Railway Company of Texas, to recover damages for alleged personal injuries claimed to have been occasioned by the negligence of appellant while appellee was a passenger and as he was preparing to debark on one of appellant's trains at Huntington, Tex. Appellee describes the manner of the alleged negligence causing his injury as follows:

"That on or about the 5th day of December, A. D. 1914, plaintiff was a passenger on said defendant company's train, having purchased a ticket from said company's agent at Lufkin, Tex., and boarded said train in the town of Lufkin, Tex., to be carried by said defendant company to the town of Huntington, Tex.; that he was being transported from the town of Lufkin, Tex., to the town of Huntington, Tex., in a passenger coach belonging to and being operated by said defendant company, when the conductor of said defendant company's train walked through the passenger coach and called out, 'All out for Huntington,' at about which time the whistle blew, the bell rang, and the train came to a complete stop. At this time, the passengers therein, relying upon the call of the conductor, began to gather up their bundles and move towards the place of exit, when, without any warning of any character, the train was caused by the operators of said train to give a sudden, quick, and violent jerk, and because of such sudden, quick, and violent jerk, plaintiff was violently and with great force hurled and thrown against the seats of said car and upon the floor of said car; and because of such fall he, the said plaintiff, was severely, painfully, and permanently injured, as will be more fully described in this petition."

Appellant answered by general exception, general denial, and pleaded contributory negligence on the part of appellee.

Inasmuch as the case will be disposed of on other assignments, the first, second, and third assignments will not be considered, as they refer to the insufficiency of the testimony to support the verdict of the jury.

By the fourth assignment of error, the appellant assails the action of the court in permitting the appellee to testify, over the appellant's objection, "That he had no other way of making a living except by hard manual labor," and the fifth assignment is practically to the same effect, being that the lower court committed error in permitting the appellee to testify, over the objection of appellant's attorneys, that he had no other means of support except by working for it.

The proposition is that the testimony was irrelevant and immaterial to any issue in the case, and that plaintiff's financial condition could furnish no basis for the amount which he was entitled to recover for the injury, if any, received by him.

This question was raised in Mo. Pac. Ry. Co. v. Lyde, 57 Tex. 510, and the court says:

"Whatever may be the rule in cases of slander and breach of promise of marriage, yet in this character of case, where the suit is by the party himself for injuries received, although the plaintiff may show the nature of his business and the value of his services in conducting it, as a ground for estimating damages, yet his wealth or poverty is an immaterial issue, calculated to unduly influence the verdict, in regard to which evidence was not admissible, and the special exception should have been sustained as has well been said, if the wealth of the plaintiff may be shown to increase damages, the correlative of the proposition should also be accepted, and the defendant allowed to mitigate his damage by showing his poverty"—citing Field on Damages, §§ 120 and 609; Hunt v. Railway Co., 26 Iowa, 363; Guengerech v. Smith, 34 Iowa, 348; K. P. R. Co. v. Pointer, 9 Kan. 620.

In the case of Texas Pacific Ry. Co. v. Harrington, 62 Tex. 601, the court says:

"Upon the trial, Mrs. Harrington, as a witness in her own behalf, and over the several objections of [plaintiffs'] counsel, was permitted to testify 'that she was very poor, that they had no means of support except the labor of her husband, and that she had no means of supporting or educating her children.' In explanation of the ruling the court said: 'The evidence was submitted as tending to show the expectation of plaintiff's pecuniary aid from deceased.' It was a legal obligation resting upon Harrington to support his wife, and to support and educate his children. The law imposed the duty, and no other presumption than compliance on his part would be indulged. This is not a suit for contributions which might or might not have continued if the party had lived, but a suit for compensation for the loss of husband and father, whose duty it was to furnish support. * * * That evidence was not admissible in this case, and was calculated to prejudice the rights of appellant. I. & G. N. Ry. Co. v. Kindred, 57 Tex. 498; Pa. Ry. Co. v. Roy, 102 U. S. 451 [26 L. Ed. 141]; T. & P. Ry. Co. v. Burns [4 Tex. Law Rev. 57], supra."

In deciding the case, the court, continuing, says:

"As this evidence was improperly admitted over the objections of appellant, properly interposed, and as it cannot be determined that appellant was not injured thereby, the judgment ought to be reversed."

In the case of Mo., K. & T. Ry. Co. of Texas v. Hannig, 91 Tex. 347, 43 S. W. 509, the court says:

"During the progress of the trial, the plaintiff, being upon the stand as a witness in his own behalf, was asked to state whether or not he was a married man. The defendant, by counsel, objected to the question, and its objection was overruled, whereupon the witness answered that he had a wife. The witness was also permitted to answer, over the objection of the defendant, that his wife had no means of support, excepting her own labor. The ruling of the court in admitting this testimony was assigned as error in the Court of Civil Appeals, and is also assigned in this court. The Court of Civil Appeals held that the admission of the evidence was error, but concluded that the error was harmless. We concur in their ruling that so much of the testimony as merely showed that he had a wife was not injurious to the defendant, from the fact that the wife was a witness in the case, and the jury must therefore have known that the plaintiff had a wife. But we cannot agree that the mere fact that the plaintiff was a laboring man, and was earning at the time of the accident but $1 a day, showed that he had no other resources."

The court, continuing, refers to the case of Railway Co. v. Lyde, 57 Tex. 505, and the case of Railway Co. v. Harrington, 62 Tex. 597, and says:

"There the wife and children were suing for damages for injuries resulting in the death of the husband and father. The court placed their ruling upon the ground that the husband was bound to support the wife and children, and that, therefore, the question of their wealth or poverty could not affect the amount of * * * recovery. The evidence in question in this case threw no light upon any issue properly involved, * * * and was calculated solely to awaken the sympathy of the jury, and thereby to swell the damages to be awarded by the verdict. Counsel for the plaintiff evidently thought it would have some effect in plaintiff's favor, else he would not have insisted upon its admission over the objection urged on the part of the defendant. The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside, and a new trial awarded."

We believe that the above rule announced by Chief Justice Gaines of the Supreme Court is a correct rule, and as said by him in the Hannig Case, since it does not clearly appear that no injury could have resulted from the admission of the evidence in the instant case, we are of opinion that the judgment must be set aside, and a new trial awarded.

We have refrained from passing on the other questions raised in appellant's brief, inasmuch as the case must be tried again; and for the error above complained of the judgment is reversed, and the cause remanded for a new trial.