## NORTHERN TEXAS TRACTION CO. v. JENKINS et al. (No. 6789.)*

(Court of Civil Appeals of Texas. Austin. Oct. 15, 1924. Rehearing Denied Nov. 5, 1924.)

1. **Trial 350(6)—Evidence held not to require submission of special plea to jury.**

In action by truck driver's helper for injuries from being jammed between the truck, backing out of building, and defendant's street car, evidence that plaintiff, instead of watchman, was required to control traffic while truck backed out, and was so engaged when injured, *held* not to prove special plea of negligence of plaintiff's employer, so as to require its submission to jury.

2. **Trial 352(5)—Issue held improperly submitted as containing double issue separately pleaded in complaint.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1984a, and 1985, issue as to whether motorman was driving defendant's car in careless and negligent manner, and without keeping proper lookout for persons on or near its tracks, *held* improper as containing double issues, separately pleaded in complaint, though the error may be harmless within rule 62a, because, being in conjunctive, they placed a greater burden on appellee.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 14, 1925.

**3. Damages ⬅171 — Testimony plaintiff was day laborer, uneducated, etc., held improperly admitted.**

In action for injuries against tractor company, plaintiff's testimony that he was just a day laborer, unable to read and write, though sometimes admissible to show damages, *held* improperly admitted as tending to improperly influence jury.

**4. Damages ⬅158(1) — Testimony of injury to ankle held improperly admitted as not pleaded in complaint, alleging injury to leg.**

Testimony of injury to plaintiff's ankle *held* improperly admitted as not pleaded in complaint alleging compound fracture of left leg, and breaking of bone therein, resulting in a particular permanent injury, since particular allegation restricts general allegations to particular injury.

**5. Damages ⬅158(1) — Proof of other specific injuries than those alleged is admissible when.**

Proof of other specific injuries than those alleged is admissible only where resulting from permanent injuries generally alleged, or naturally and consequentially following or arising from particular injury alleged, but that injury naturally follows or arises consequentially should be alleged in latter case.

### On Motion for Rehearing.

**6. Street railroads ⬅93(3) — Lookout required for persons on or near track defined.**

Motorman must keep such lookout for persons who might be on or near the track on which he operates as ordinary person engaged in like or similar capacity, and under like or similar circumstances, would keep.

**7. Street railroads ⬅118(3) — Trial ⬅296(3) — Charge not defining "proper lookout" for persons on or near track held reversible error, and not cured by other instructions.**

Where sole negligence relied on is failure of motorman to keep proper lookout for persons on or near track, charge not defining what constitutes proper lookout *held* reversible error, not cured by defining negligence and ordinary care, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1984a, and 1985.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Dave Jenkins and others against the Northern Texas Traction Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Capps, Cantey, Hanger & Short and W. D. Smith, all of Fort Worth, for appellant.

J. W. Kearby, Lloyd Hutcheson, and Clarence C. Kidd, all of Fort Worth, for appellees.

BLAIR, J. Appellee Jenkins sued appellant traction company for damages for personal injuries sustained in a collsion between a truck on which he was riding and one of appellant's street cars. His petition alleged, and the proof showed, that he was employed as a helper on the truck which was being used at the time of the accident to haul material to be used in the construction of the F. & M. National Bank in the city of Fort Worth, Tex.; that on the occasion of his injury he stepped from behind the wall inclosing the bank building onto appellant's street railway track, for the purpose of signalling the driver of the truck to back out of the building, such being necessary, as the driver could not see the traffic on the street, nor the approach of street cars; that as the truck was backing out he was jammed between the truck and one of appellant's street cars, breaking his leg and receiving other alleged injuries. He charged the traction company's operatives of the car in question with negligence in running it at a rate of speed in excess of that provided by the city ordinance; a failure to keep a proper lookout for persons on or near the street railway track; and discovered peril.

The traction company answered by a general denial, a plea of contributory negligence, and specially pleaded that appellee's injuries were caused solely by the failure of the construction company by whom he was employed to keep a watchman at the entrance or the gate of this inclosure around the bank building being constructed, and through which the truck was backing at the time of the accident.

The cause was submitted to the jury upon special issues, and they found appellee's damages to be $3,000. Appellee Jenkins filed a remittitur of $750 because the jury discussed that amount as attorney's fees in arriving at their verdict. Judgment was therefore rendered against appellant for $2,250, from which judgment this appeal is duly perfected.

### Opinion.

[1] We have carefully considered all of appellant's assignments of error, and have concluded that a number of them should be sustained. Although we overrule the first proposition, we deem it advisable to discuss it, in view of another trial. This proposition is based upon the refusal of the court to submit an issue embodying the special plea of the failure of the construction company to maintain a watchman at the gateway or entrance to the building being constructed. The special plea was not proven; and therefore no error arises because of the failure of the court to submit the issue to the jury. The only testimony on this issue was that some time prior to the accident a watchman was employed by the construction company at this place. His duty was to control the street traffic while trucks used to haul material for the building were be-

ing backed out; that after his removal this duty of piloting the truck out was placed upon the helper furnished each truck driver, and which duty appellee was performing at the time of his injuries. We see no reason why one watchman is not as good as another. By whatever name appellee was called at the time of his injury it is undisputed that he was then performing the duty theretofore imposed upon the watchman.

[2] We sustain the fifth proposition. Appellant objected to issue No. 1 submitted by the court to the jury as being a double issue, and as submitting two or more issues in the same question, in violation of the statutes controlling such matters. This issue reads:

"Immediately prior to and at the time of the accident in question, was the motorman in charge of defendant's car driving the same in a careless and negligent manner and without keeping a proper lookout for persons who might go on or near its tracks?"

We think this issue is justly subject to the objection urged against it. One group of facts pleaded by appellee, by which he sought to fix liability upon appellant for his injuries, was that the motorman was driving the car in a careless and negligent manner, etc.; and another was that the motorman failed to keep a proper lookout for persons on or near the track at the time and place of the accident.

In the case of Fox v. Dallas Hotel Co., 111 Tex. 475, 240 S. W. 517, the Supreme Court clearly announced the rule governing trial courts as to the mandatory provisions of articles 1971, 1984a, and 1985, Vernon's Sayles' Texas Civil Statutes, in regard to submitting cases upon special issues, in the following language:

"The statutes make it the duty of the court in trials by jury: First, to submit all the controverted fact issues made by the pleadings; second, to submit each issue distinctly and separately, avoiding all intermingling; and, third, to give such explanation and definition of legal terms as shall be necessary to enable the jury to answer each issue."

Appellant in this connection presented its requested issues 8 and 9 properly separating the two above issues and these should have been given in lieu of issue 1.

Appellant also urged an objection to the above-quoted issue 1 and to the whole charge because of the failure of the trial court to inform or define to the jury what would constitute a proper lookout by the watchman in charge of the car as to the persons on or near the track. The trial court erred in refusing to do so. It is true that the court defined "negligence" and "ordinary care," but did not apply its ordinary care definition to the question submitting whether the motorman kept a proper lookout for

266 S.W.—12

persons on or near appellant's track. Appellant's special requested issue No. 8 should have been given on this issue, as it is not subject to the criticism here made. The special issue statutes above mentioned require that proper legal definition be given with each issue of fact submitted to the jury. Fox v. Dallas Hotel Co., supra.

[3] We sustain appellant's eighth proposition. By this appellant complains of the action of the trial court in permitting the appellee to testify over objection that he was an uneducated man and just a day laborer, and that he was unable to read and write, as being immaterial to any issue, and calculated to arouse the sympathy of the jury. The appellant is not responsible to appellee merely because he happens to be just a day laborer, or because he is uneducated and unable to read and write; but only for such pecuniary loss and mental pain and anguish as it inflicted upon him by reason of his injuries. We think the method employed by counsel in asking appellee if he was not just a day laborer was such as might be calculated to convey to the jury the information that appellee had no other means of support, and that he was poor, which are not proper matters to prove in a case of this character. It is true that appellee might necessarily have to show that he was a day laborer in order to establish his pecuniary loss; but such proof should be made in such manner as to not inform the jury that such was his only means of support, and that he was poor. Our courts have universally held in damage suits:

"Where the suit is by the party himself for injuries received, although the plaintiff may show the nature of his business and the value of his services in conducting it, as ground for estimating damages, yet his wealth or poverty is an immaterial issue, calculated to unduly influence the verdict." Railway v. Hannig, 91 Tex. 347, 43 S. W. 508; R. R. Co. v. Lyde, 57 Tex. 505; Railway v. Harrington, 62 Tex. 597; Railway v. O'Brien, 18 Tex. Civ. App. 690, 46 S. W. 389; City of Belton v. Lockett (Tex. Civ. App.) 57 S. W. 687; Railway v. Kimmey (Tex. Civ. App.) 189 S. W. 550.

The fact that a man is uneducated and unable to read and write is not admissible because he is deprived of these faculties as means of entertainment while he is hurt and confined to his bed, as contended by appellee, and the only theory announced by counsel for its admission. These are matters in no way connected with the injury, matters about which appellant knew nothing at the time of the injury, and are indeed calculated to arouse the sympathy of the jury. Whether we would reverse solely for this error in view of rule 62a, no complaint being made that the jury's verdict was excessive, is immaterial, since the cause is reversed upon other grounds. However, we cite in this connection Golden v. Odiorne,

112 Tex. 544, 249 S. W. 822, and Burrell Co. v. Grisier, 111 Tex. 477, 240 S. W. 899.

[4] We also sustain appellant's ninth and tenth propositions. By these it is urged that the trial court erred in permitting appellee Jenkins and his medical experts to testify over objection concerning an injury to appellee's ankle, because no injury was alleged to have been sustained to his ankle in the accident.

Appellee alleged the following as to his injuries:

"As a result of which said collision this plaintiff suffered great physical injury, in that he sustained a compound fracture of the left leg.

"That the muscles, ligaments and flesh of his back and shoulders were bruised and wrenched. That his side was bruised and scratched, causing him great physical injury and suffering, and incapacitating him from attending to his business and duties. That as a result of the breaking of the bone in his left leg this plaintiff has suffered great permanent injury in that his left leg is weakened and shortened, and that his earning capacity is impaired by reason thereof, and he will in future be a' cripple for life."

Appellee testified, in addition to having his leg broken, that he had at the time of the trial an ache in his ankle; that his ankle hurt when he worked. His physician, testifying as an expert, stated that appellee's ankle was hurt in the accident, and that the pain he now had in the ankle "could be due to the interference of this callus—this injury to the bone—to the action of these muscles in the leg; it could weaken his ankle to a certain extent." This testimony, was in response to the inquiry of counsel as to whether or not the pain complained of in the ankle would be attributable to the injury received in the accident.

[5] It seems to be well settled by our courts that, where a petition undertakes and does allege specific injuries, proof will be confined to the specific injuries alleged, and the admission of testimony of other specific injury not alleged is error. Had appellee alleged generally his permanent injuries, he, of course, would have been entitled to have proved any particular injury resulting therefrom; but, having undertaken to allege particular parts of the body and leg which were hurt, he thereby restricted the general allegation of injury to particular injuries. The only other instance in which proof of an injury not alleged may be proved is where such injury naturally and consequentially follows or arises from the injury alleged; but as to this it is the better practice to allege that such injury naturally followed or arose as a consequence of the injury received. I. & G. N. R. Co. v. Beasley, 9 Tex. Civ. App. 569, 29 S. W. 1121; Tex. State Fair v. Marti, 30 Tex. Civ. App. 132, 69 S. W. 432; Swr. Tel. & Tel. Co. v. Tucker (Tex. Civ. App.) 98 S. W. 909; Railway v.

Gerald, 60 Tex. Civ. App. 151, 128 S. W. 166; Railway v. Doyal (Tex. Civ. App.) 142 S. W. 610; Railway v. Curry, 64 Tex. 87; Campbell v. Cook, 86 Tex. 632, 26 S. W. 486, 40 Am. St. Rep. 878; Southern Pacific v. Martin, 98 Tex. 322, 83 S. W. 675.

Whether, in view of rule 62a, we would reverse this case solely for the admission of this evidence no complaint 'of excessive damages being made, we pretermit a discussion, since the case is being reversed upon other grounds. Doubtless appellee will amend his petition in this particular before another trial.

In view of the fact that this case is being reversed and remanded for a new trial, we do not deem it necessary to discuss or pass upon appellant's propositions based upon misconduct of the jury, as such is not likely to again occur on another trial. All other assignments are overruled. •

For the reasons stated, the cause is reversed and remanded.

Reversed and remanded.

### On Motion for Rehearing.

Appellee Jenkins insists that, conceding two distinct issues of fact were submitted in question 1, they were submitted in the conjunctive, and merely placed a greater burden on him, about which appellant has no right to complain; and therefore the error was harmless and within rule 62a. This contention is probably correct, but becomes immaterial, since we are reversing the cause upon other grounds. In this connection appellee Jenkins asserts in his statement and argument of this motion that—

"While the plaintiff's petition charged different acts of negligence, still at the trial it was narrowed down under the testimony to the question of whether or not the motorman kept a proper lookout at the time of the accident."

This being true, it makes appellant's objection to the court's charge for failing to define what would constitute a proper lookout by the motorman operating the car at the time of the accident all the more pertinent. Appellant objected to the charge for failing to define "a proper lookout," and submitted a special issue embodying a proper definition of that term; which was refused by the court. The court defined ordinary care and negligence in general terms. It also instructed the jury that—

"The law imposed upon employee of the defendant the duty to exercise ordinary care to operate its car with due regard for the safety and welfare of persons driving along or across its tracks, and the failure to exercise such a degree of care should be negligence, as the term negligence is above defined."

We think these definitions and instructions as applied by the court relate to the manner in which the car was being operat-

ed, and to the first question submitted in issue 1 requiring the jury to answer: "Was the motorman in charge of defendant's car driving same in a careless and negligent manner?" These charges and instructions do not define or instruct the jury as to what constitutes a "proper lookout" on the part of the motorman as to persons who might be on or near the track.

[6, 7] In the second question submitted in question 1, "and without keeping a proper lookout for persons who might go on or near its tracks," the jury is left without a guide or instruction to determine if the motorman kept a "proper lookout." The law imposes on the motorman of a street car the duty to keep such a lookout for persons who might be on or near the track on which he is operating the car as an ordinary person engaged in a like or similar capacity and under like or similar circumstances would keep; and, where the sole act of negligence relied upon for a recovery is the failure of the motorman to keep such proper lookout, a charge which does not define to the jury what constitutes such proper lookout is defective, and requires a reversal of the cause; proper and timely objections having been made to it.

The motion for rehearing is overruled. Overruled.