## ABBOTT et al. v. ANDREWS et al.
### No. 1517—5822.

Commission of Appeals of Texas, Section A.
Jan. 27, 1932.

Bean & Klett, of Lubbock, for plaintiffs in error.

Lockhart, Garrard & Brown and Wilson, Randal & Kilpatrick, all of Lubbock, for defendants in error.

HARVEY, P. J.

This is a suit by the defendant in error Poney Andrews against C. C. Abbott and Herbert Cockrell, the plaintiffs in error, and J. M. Radford Grocery Company, to recover damages for personal injuries suffered by Andrews, as a proximate result of the negligence of Abbott and Cockrell and of the grocery company. The case was tried to a jury on special issues, and judgment was rendered in favor of Andrews for $4,000 damages against Abbott and Cockrell, who prosecuted an appeal, and the judgment has been affirmed by the Court of Civil Appeals. 29 S.W.(2d) 885.

The facts, so far as need be stated, are as follows:

Abbott operates a bus line through the city of Lubbock, Tex. On the day of the accident Andrews was driving north on a street of said city, in his wagon. He was standing up while driving. As he drove along on the right side of the street, a truck belonging to the grocery company, and being driven by the company's agent, and a bus belonging to Abbott, and being driven by his agent, Cockrell, approached from the south, along said street; and in attempting to go around and pass the Andrews wagon, on the left thereof, the bus and the truck collided with each other, and the truck was caused to strike against the wagon. By the impact, Andrews was thrown to the ground and injured. The damages sought to be recovered by Andrews are alleged to have resulted from injuries received on that occasion, which injuries are set out in the plaintiffs' petition in the following words: "That plaintiff fell with considerable force, with all of his weight on his right foot, and that such fall injured, broke and sprained his ankle and heel, tearing down and rupturing the ligaments of his foot and heel and ankle, breaking down the arch of his foot, and spraining and breaking the bones of his foot, heel and ankle, and thereby permanently injuring this plaintiff." No reference is made in the petition to any injury to the left foot. At the trial, the undisputed evidence showed that the right foot was not injured, but that it was the left foot that was injured. Various special issues were submitted to the jury regarding the alleged negligence of Abbott and Cockrell, and of the grocery company. The jury, in effect, acquitted the grocery company of responsibility for the accident, and found Abbott and Cockrell were guilty of negligence which proximately caused the injuries sustained by Andrews. Among the special issues submitted by the trial court to the jury was the following: "Special Issue No. 28. What amount, if any, do you find from a preponderance of the evidence, that the plaintiff, Poney Andrews, has been damaged as a result of the accident? You will answer by stating the amount which you find and determine from the evidence. In determining the amount of your verdict for damages, if you allow damages, you should allow him such sum as you believe from the evidence, which, if paid now, will

compensate him for the injuries sustained, if any; and in assessing damages, if any, you may take into consideration the mental and physical pain and suffering, if any, which the plaintiff has sustained, caused by his injuries, if any; and if you believe from the evidence that the injuries to the plaintiff, if any, are of a permanent nature, and will impair his capacity to labor and earn money in the future, then you may allow him such sum as you believe from the evidence will compensate him for his diminished capacity, if any, to labor and earn money in the future."

In due time, the plaintiffs in error objected to the above special issue, and accompanying instruction, on the ground that there was no evidence of the damages alleged.

The trial court overruled the objection, and the jury in answer to the special issue answered: "$4000." The trial court rendered judgment against Abbott and Cockrell for said amount. The court erred in overruling the objection made by the plaintiff in error to said special issue and accompanying instruction. Under the statutes, the trial court was authorized to submit to the jury only such special issues as were "raised by the pleadings and the evidence in the case." R. S. art. 2189. That no issue was tendered in the plaintiffs' pleading, in respect of injuries to the left foot, no one can doubt, since injury to that member does not naturally and necessarily result from the wrongful act complained of. Texas & P. Ry. Co. v. Curry, 64 Tex. 87; Southern Pac. Co. v. Martin, 98 Tex. 322, 83 S. W. 675. The petition was not open to special exception, for the reason that its allegations specifically pointed out injuries to the right foot as resulting from the wrongful act complained of, and no reference is made to any injury to the left foot. The failure of the plaintiffs in error to object to the introduction of evidence of injury to the left foot did not dispense with the necessity of a basis, in the pleadings, for a recovery in respect of such injury. International & G. N. R. Co. v. Beasley, 9 Tex. Civ. App. 569, 29 S. W. 1121.

In view of another trial, we deem it proper to notice another question presented by the record. Paragraph (J) of article 801 of the Penal Code provides as follows: "The person in control of any vehicle moving slowly along upon any public highway shall keep such vehicle as closely as possible to the right hand boundary of the highway, allowing more swiftly moving vehicles reasonably free passage to the left." Violation of this statute is made punishable by fine.

The plaintiffs in error requested that the following special issues be submitted to the jury, which request was refused: "(1) At the time of the accident was the plaintiff driving his slowly moving vehicle as closely as possible to the right hand boundary of the high-way so as to allow more swiftly moving vehicles reasonably free passage to the left? (2) If not was such failure on the part of the plaintiff the proximate cause of the alleged damages and injuries? (3) Was such failure, if any, a contributing proximate cause of the alleged damages and injuries?"

The evidence shows that the street in question was fifty-five feet wide from curb to curb, and was paved. The wagon was traveling about six feet from the right-hand curb. There is evidence to show that the mules drawing the wagon were trotting; and the undisputed evidence shows that, on the occasion in question, it was possible for the wagon to be driven considerably closer to the right curb. The plaintiffs in error contend that they were entitled to have submitted to the jury the above special issues, because a negative answer to the first one would, of itself, establish negligence on the part of Andrews. In other words, the contention is that a violation of the terms of the above statute constitutes negligence per sé. This requires an examination of the statute for the purpose of determining whether or not it is valid. In reading the statute, the question at once arises as to what rate of speed must a vehicle be moving in order to render the driver subject to the requirements there provided. The only guide which the statute furnishes in this respect is "any vehicle moving slowly." To all legal intents and purposes this is equivalent to no guide at all, since every driver of a vehicle—whether such vehicle be horse drawn or motor driven—would be put to the necessity of deciding, at his peril, what rate of speed the statute regards as slow. Manifestly, the statute, in the respect that it undertakes to define the rate of speed which calls for compliance with the prescribed requirements, is too indefinite and uncertain to impose upon any person the duty to comply with such requirements. Having reached this conclusion, it is unnecessary to pass particularly on other provisions contained in the statute. Because of uncertainty in the respect pointed out above, the statute, as a whole, is invalid. International & G. N. R. R. v. Mallard (Tex. Com. App.) 277 S. W. 1051; Galveston, H. & S. A. R. Co. v. Duty (Tex. Com. App.) 277 S. W. 1057; Ladd v. State, 115 Tex. Cr. App. 355, 27 S.W.(2d) 1098; Griffin v. State, 86 Tex. Cr. R. 498, 218 S. W. 494; Ex parte Slaughter, 92 Tex. Cr. R. 212, 243 S. W. 478, 26 A. L. R. 891.

It is not deemed necessary to notice other complaints of the plaintiffs in error, since said complaints relate to matters which may not occur in another trial.

Because of the error hereinabove pointed out, the judgment of the trial court should be reversed; and the condition of the case, as it appears before us, is such that the ends of

justice require that said judgment be reversed as to all parties. We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed in all respects, and that the cause be remanded.

CURETON, C. J.

Judgments of the district court. and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.